319 So.2d 165 (1975)
Jerry GILLMAN et al., Appellants,
v.
Cora GILLMAN, Appellee.
No. X-410.
District Court of Appeal of Florida, First District.
August 12, 1975.
Rehearing Denied October 6, 1975.
*166 Robert J. Mayes, Levin, Warfield, Graff, Mabie, Rosenbloum & Magie, Pensacola, for appellants.
Robert P. Gaines, Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellee.
BOYER, Chief Judge.
The only issue to be here resolved relates to the definition of "permanent disfigurement" as that term is used in the Florida Automobile Reparations Reform Act, specifically F.S. 627.737. That statute provides that any person who suffers an injury in an automobile accident which results in a permanent disfigurement "may recover damages in tort for pain, suffering, mental anguish and inconvenience" resulting from the injury. Sub judice the appellant, plaintiff in the trial court, resisting a motion for summary judgment filed by the defendant, appellee here, filed an affidavit by a physician reciting the finding on the plaintiff's head of "a 4.5 centimeter trap-door scar of the right forehead extending through the medial end of the right eyebrow and onto the right upper eyelid" which affidavit further recited that the "scar was somewhat widened and was very apparent at conversational distance." The physician opined in the affidavit that "Jerry Gillman will have a permanent, visible scar of his right forehead, brow and eyelid that will be very apparent at conversational distance, and that this scar will be there for the rest of his life." There was also filed in the record a stipulation of the parties to which was attached a color photograph of the plaintiff which photograph reveals the scar referred to in the physician's affidavit. That stipulation recites that the photograph is an accurate reproduction of the appearance of the plaintiff, that the medical expenses necessarily incurred in the treatment of the plaintiff as a result of the accident amounted to $502.75, that if plastic surgery is performed in the future to alter the appearance of any scars that might be visible the reasonable expense of such plastic surgery will exceed $1,000 and that the plaintiff has no other permanent injury except the scar which can be seen on the above mentioned photograph. The learned trial judge, apparently holding that the scar does not constitute a "permanent disfigurement" entered a summary final judgment in favor of the defendant, reciting that the plaintiff's claims are barred by the provisions of F.S. 627.737.
The Florida Automobile Reparations Reform Act does not define the word "disfigurement". However, other jurisdictions have defined that term as being "that which impairs or injures the beauty, symmetry or appearance of a person or thing; or that renders unsightly, misshapen, or imperfect, or deformed in some manner." (Bethlehem-Sparrows Point Shipyard v. Damasiewicz, 187 Md. 474, 50 A.2d 799) In Branham v. Denny Roll and Paint Company, 223 N.C. 233, 25 S.E.2d 865, the court defined "disfigurement" as a "blemish, a blot, a scar or a mutilation that is external and observable, marring the appearance."
We hold that a permanent scar may be a permanent disfigurement within the contemplation of F.S. 627.737. We do not imply that every scar is a disfigurement but when the existence of the scar is established, whether or not it is a disfigurement is a matter of fact to be determined by the trier of fact and may not be resolved, *167 when properly placed in issue, by summary judgment.
Reversed and remanded for further proceedings consistent herewith.
RAWLS and McCORD, JJ., concur.