605 So.2d 1010 (1992)
Anita R. STAPLETON, Appellant,
v.
Helen BISIGNANO, Appellee.
No. 91-1554.
District Court of Appeal of Florida, Fourth District.
October 14, 1992.
*1011 Sheldon D. Stevens of Stevens, Peters & Greenfield, P.A., Merritt Island, for appellant.
Louis B. Vocelle, Jr. of Clem, Polackwich & Vocelle, Vero Beach, for appellee.
WARNER, Judge.
We affirm the trial court's denial of a new trial to the appellant/plaintiff. She had claimed that, in failing to make any award for future damages in the presence of undisputed proof of permanent injury, the jury's verdict was contrary to the manifest weight of the evidence.
The plaintiff was bitten in the face by a dog. She claimed the following permanent injuries at trial: (1) psychological injuries; (2) a drooping lip; (3) numbness in the lip causing speech difficulty; and (4) scarring. The jury awarded her the approximate amount of her past medical expenses and $10,000 for past pain and suffering but made no award for future medical or pain and suffering. The trial court, in denying appellant's motion for new trial stated, "That under the facts and circumstances of this case reasonable jurors could have found zero future losses and zero future costs. The damage to plaintiff was slight, a scar and torn lip and a very slight drooping."
In determining whether to set aside a jury verdict and grant a new trial, the test for a trial court is to determine whether a jury of reasonable persons could have returned the verdict in question. Shaw v. Puleo, 159 So.2d 641 (Fla. 1964); Griffis v. Hill, 230 So.2d 143 (Fla. 1969). Our task in reviewing the trial court's order on a motion for new trial is the abuse of discretion standard. Smith v. Brown, 525 So.2d 868 (Fla. 1988). We will not reverse if persons could differ as to the propriety of the action taken by the trial court.
Analyzing the various contentions made by the appellant, we hold that no abuse of discretion is shown because as to each claimed injury there was competent substantial evidence to support the conclusions of the trial court. While an expert in psychology testified that he had treated appellant for her psychological injury, he had actually begun treating her years before for other unrelated psychological problems and continued treating her for psychological problems which arose from events occurring after the dog bite. And although he did testify that there was no way to separate these psychological injuries, thus supporting appellant's claim to an aggravation of a preexisting condition, he gave appellant a 100% psychological impairment rating pertaining to worker's compensation *1012 related injuries and unrelated to the dog bite. Therefore, there was evidence upon which the jury could have concluded that the dog bite injuries did not cause nor did they aggravate to any degree appellant's psychological condition.
With respect to the drooping lip and numbness, this condition was something that the jury could see and observe for itself, at least in part. Although appellant complained that these conditions required her to drink out of a straw and resulted in her drooling, her own doctor's notes for an unrelated hospital admission after the incident do not reflect any of these complaints. Further, those same notes state that appellant continued to smoke heavily. We think it is within reason for the jury to conclude that the drooping lip was not a problem if the appellant were able to smoke and hold the cigarette in her lips. In addition, while the appellant complained of a speech impediment as a result of her drooping lip, she was not only able to be heard by the jury but tapes of her voice recorded both before the incident and after the incident were played for the jury to hear. Her doctor also did not note any speech impediment. The jury could conclude from such evidence that the injury would have no affect on appellant in the future.
Finally, appellant claimed that she had a permanent scar as a result of the incident for which she should have been compensated by an award of future damages. While this is not an automobile case, we would note that in order to recover for scarring in such a case, the plaintiff must prove it is both permanent and significant. § 627.737(2), Fla. Stat. (1991). We have not been cited a comparable case which holds that the existence of a scar, however small, compels some award of future damages. Indeed, such a rule would lack common sense. A scar on the scalp may be covered up by hair so as to be completely unnoticeable. When a "permanent scar" exists, whether it is a disfigurement is a factual matter to be determined by the trier of fact. See Gillman v. Gillman, 319 So.2d 165 (Fla. 1st DCA 1975), cert. denied, 330 So.2d 17 (Fla. 1976). In this case the scar was on the face, and the jury had a full opportunity to observe it. We were favored with pictures of the appellant and candidly could not detect it. Therefore, given the abuse of discretion standard, we defer to the trial court's superior vantage point in assessing the jury's verdict in this regard.
The appellant here received all of her past medical expenses and a significant amount for pain and suffering. It is clear from the evidence that she experienced past intangible damages, as the initial bite was extremely painful, the medical treatment was painful, and the disfiguring nature of the scar while healing is revealed in the photos. However, the past condition does not translate into a guaranteed award of future damages. We find no abuse of discretion by the trial court in so concluding.
Affirmed.
ANSTEAD and FARMER, JJ., concur.