674 So.2d 805 (1996)
Howard COHEN and Tara L. Cohen, Appellants,
v.
David POLLACK and Marlene Pollack, his wife, as parents and natural guardians of Brittany Pollack, a minor, Appellees.
No. 95-1461.
District Court of Appeal of Florida, Third District.
May 8, 1996.
Rehearing Denied June 26, 1996.
*806 Kubicki Draper, and Angela C. Flowers, Miami, for appellants.
Kurzban, Kurzban, Weinger & Tetzeli, and Steven M. Weinger, and Jonathan Morton, Miami, for appellees.
Before NESBITT, LEVY, and GERSTEN, JJ.
PER CURIAM.
Appellants, Howard and Tara Cohen, appeal a jury verdict awarding damages to appellees, David, Marlene, and Brittany Pollack. We reverse.
Brittany Pollack was riding in Tara Cohen's car when Tara caused an accident resulting in injuries, including facial scarring, to Brittany. Brittany and her parents sued for damages and were awarded nearly $200,000. Appellants argue that the trial court erred in granting a directed verdict for appellees and that appellees' counsel's closing remarks deprived them of a fair trial.
First, we find the trial court erred in directing a verdict for appellees on the threshold issue of permanency of injuries under Florida's no-fault law. At trial, appellees presented expert testimony that the accident was the direct cause of Brittany's injuries, while appellants countered that Brittany had most of the ailments before the accident.
The issue of permanency is ordinarily a factual one. See Jarrell v. Churm, 611 So.2d 69 (Fla. 4th DCA 1992); Martin v. Young, 443 So.2d 293 (Fla. 3d DCA 1983). Specifically, whether a facial scar is a disfigurement is for the jury's observation and evaluation and is not subject to determination as a matter of law. Gillman v. Gillman, 319 So.2d 165 (Fla. 1st DCA 1975), cert. denied, 330 So.2d 17 (Fla.1976). Thus, by directing a verdict in appellees' favor, the trial court improperly removed this issue from the jury's consideration.
Second, the trial court erred in not declaring a mistrial due to the cumulative effect of appellees' counsel's remarks during trial. Throughout the trial, appellees' attorney made several statements that indicated his opinions and beliefs regarding the case.[1] Then, during closing remarks, appellees' counsel made the following comments:
How do you judge these damages? Let's start with pain and suffering. Like [Brittany] felt when [her doctor] operated on her while she was at home for three weeks in agony, or most importantly, when *807 these headaches keep coming and coming each day, each month. Try this. If a dentist told you he's got to do a root canal and he's only going to charge five dollars for the root canal and ninety-five dollars for the Novocain, you would pay that ninety-five dollars because I don't want toNo one wants pain.
Appellants moved for a mistrial, which the trial court denied.
An attorney's personal beliefs or feelings toward a case or the trial's participants are irrelevant and create reversible error. See Owens Corning Fiberglas Corp. v. Morse, 653 So.2d 409 (Fla. 3d DCA), rev. denied, 662 So.2d 932 (Fla.1995); Kaas v. Atlas Chem. Co., 623 So.2d 525 (Fla. 3d DCA 1993). Asking the jury to imagine the injured party's anguish and frustration further constitutes reversible error. See State Farm Mut. Auto. Ins. Co. v. Curry, 608 So.2d 587 (Fla. 3d DCA 1992); Klein v. Herring, 347 So.2d 681 (Fla. 3d DCA 1977).
Here, during closing remarks, appellees' attorney suggested that the jury should measure damages by considering the pain Brittany endured. This, when combined with the improper statements that were repeatedly permitted, had the cumulative effect of tainting the trial. See Murphy v. Murphy, 622 So.2d 99 (Fla. 2d DCA 1993). Accordingly, we reverse the final judgment for a new trial.
Reversed and remanded for a new trial.
NOTES
[1] Appellees' counsel repeatedly evaluated the truthfulness of his case. For instance, he stated, "[S]he [appellees' witness] told the truth," "[E]verything we told you is true," and "Everything we've been telling you about Brittany Pollack, every single last detail is true." By contrast, he also repeatedly implied that appellants' counsel was presenting deceitful testimony: "[Appellants' counsel] and his witnesses will say anything," "[H]e had to create a defense," and "He can't even tell the truth about a picture staring at him.... How can he continue to misrepresent things to the jury?"