698 So.2d 359 (1997)
Princess VALINZO and James Valinzo, her husband, Appellants,
v.
CEM-KAM, INC., Appellee.
No. 96-0393.
District Court of Appeal of Florida, Fourth District.
August 20, 1997.
Walter G. Campbell, Jr. of Krupnick, Campbell, Malone, Roselli, Buser, Slama & Hancock, P.A., Fort Lauderdale, for appellants.
Angela C. Flowers of Kubicki Draper, Miami, for appellee.
WARNER, Judge.
We affirm the final judgment entered upon a jury verdict awarding appellant-Princess Valinzo $2,500. Although she claims that the verdict was grossly inadequate, we conclude under the facts of this case that the trial court did not abuse its discretion in denying her alternative motions for new trial or additur.
This case arose from an incident at a McDonald's restaurant. Mrs. Valinzo ordered a drink which contained at least some, if not all, sanitizer solution. A McDonald's employee had been cleaning out one of the iced tea dispensers, and another employee used that dispenser to fill Mrs. Valinzo's drink.
There is a dispute as to what happened next. According to Mrs. Valinzo, upon taking a drink, she immediately felt a burning sensation in her throat and then ran to the bathroom where she vomited blood. The McDonald's representative, on the other hand, testified that Mrs. Valinzo took a sip of the drink and said it tasted funny, at which point the drink was replaced. The McDonald's representative also testified that Mrs. Valinzo overheard the employees' conversation about the error in giving her the sanitizer and that only after she heard this conversation did she begin to act like something was wrong with her. She was then taken to the hospital in an ambulance, and, after poison control was called, she was given a nasogastric lavage. This procedure involved sticking a tube through her nostrils to pump liquid into her stomach to dilute the sanitizer.
Subsequent to her emergency room trip, appellant saw a variety of ear/nose/throat specialists, gastroenterologists, psychologists, and psychiatrists. She claimed to have numerous problems as a result of this incident and incurred $23,000 in past medical expenses.
The appellee admitted negligence but contested causation, presenting doctors who testified that Mrs. Valinzo had no physical or psychiatric problems. Appellee also presented *360 a toxicologist who testified that the sanitizer was non-toxic. The toxicologist conducted his own personal test by ingesting a mixture of iced tea and sanitizer, which resulted in none of the symptoms Mrs. Valinzo claimed to have experienced.
The jury awarded Mrs. Valinzo $2,500 for past medical expenses and nothing for past pain and suffering, or any future damages; the jury awarded nothing to Mr. Valinzo for his loss of consortium claim. Appellants contend that the jury's award of a portion of Mrs. Valinzo's medical expenses, greater than the amount equal to her emergency room/ambulance expenses on the day of the incident, is inconsistent with a zero award for pain and suffering. She claims that, at the very least, the nasogastric lavage procedure was painful and required some award.
Appellants' argument is based on case law which holds that where evidence of pain and suffering is uncontroverted and where the jury has awarded medical expenses, a zero award for pain and suffering is inadequate as a matter of law. See, e.g., Een v. Rice, 637 So.2d 331 (Fla. 2d DCA 1994) (where there was no conflicting evidence as to whether the damages were caused by the incident or a preexisting condition and evidence of pain was uncontroverted, jury's award of medical expenses demonstrates acceptance of plaintiff's physical injuries mandating an award for pain and suffering); accord Smith v. Turner, 585 So.2d 395 (Fla. 5th DCA 1991). In this case, however, appellee contested causation. Appellee presented eyewitness testimony which questioned the extent of Mrs. Valinzo's symptoms as well as testimony of medical doctors and a toxicologist who stated that she would not have had the symptoms and reactions she did to the solution.
Unlike Mason v. District Bd. of Trustees of Broward Community College, 644 So.2d 160 (Fla. 4th DCA 1994), where the jury awarded the plaintiff all of his past medical expenses but no past pain and suffering damages, Mrs. Valinzo was awarded only a small fraction of her past medical expenses. It is possible for the jury to have concluded that because Mrs. Valinzo did ingest some quantity of sanitizer, she was entitled to some "diagnostic testing," but the jury obviously did not consider all of the medical expenses as necessarily related to the incident. Given the testimony of the McDonald's witnesses, the jury could have even concluded that the nasogastric lavage treatment was unnecessary in that Mrs. Valinzo actually experienced no significant symptoms requiring such drastic treatment. Cf. Smith v. Houston, 551 So.2d 551 (Fla. 2d DCA 1989).
Without knowing exactly what expenses were included in the jury's award, there were sufficient diagnostic tests given, which the jury could have concluded were reasonably necessary to determine whether the accident had caused injury. Cf. Blanford v. Polk County, 410 So.2d 667 (Fla. 2d DCA 1982). The jury could have concluded that the pain was not associated with the diagnostic tests, and the expenses which they determined were reasonably necessary.
The trial court did not abuse its discretion in denying the alternative motions for new trial or additur. A jury of reasonable persons could have returned the verdict in question. Stapleton v. Bisignano, 605 So.2d 1010 (Fla. 4th DCA 1992). We therefore affirm the final judgment.
POLEN and GROSS, JJ., concur.