PER CURIAM.
In this appeal, the state challenges the sentence imposed on appellant for the crime of aggravated assault with a firearm. We agree with the state and conclude that the trial court erred in adjudicating appellant guilty of the crime, sentencing him to a three-year minimum mandatory term of imprisonment, and then suspending the adjudication of guilt and sentence in lieu of community control and probation.
Appellant was charged by information with aggravated assault with a firearm contrary to sections 784.021(l)(a) and 775.087, Florida Statutes. Appellant elected to be tried without a jury. After a bench trial, the trial court orally announced that it had found appellant guilty of aggravated assault with a firearm. The trial court adjudicated appellant guilty of aggravated assault with a firearm, sentenced him to a three-year minimum mandatory term of imprisonment pursuant to section 775.087(2), Florida Statutes, but then suspended both the adjudication of guilt and the sentence of imprisonment and instead placed appellant on community control and probation.
Section 775.087(2), Florida Statutes (1997), requires that any person convicted of aggravated assault who during the commission of the offense possessed a firearm must be sentenced to a minimum term of imprisonment of three years. This statutory provision goes on to state that “[n]ot-withstanding s. 948.01, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld....” § 775.087(2), Fla. Stat. (1997). The imposition of this three-year minimum mandatory prison term has been held to be a nondiscretionary duty of the trial court where the record demonstrates that the defendant had a firearm in his possession at the time of the commission of the offense. See D’Alessandro v. Shearer, 360 So.2d 774, 775 (Fla.1978).
We, therefore, reverse and remand with directions that the trial court reinstate appellant’s adjudication of guilt for the crime of aggravated assault with a firearm and resentence appellant consistent with the statutory mandate of a three-year minimum mandatory prison term.
MINER, WOLF and PADOVANO, JJ., concur.