896 So.2d 799 (2005)
STATE of Florida, Appellant,
v.
Jeffery L. COUCH, Appellee.
No. 1D04-2842.
District Court of Appeal of Florida, First District.
February 8, 2005.
Rehearing Denied March 21, 2005.
Charles J. Crist, Jr., Attorney General, and Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Appellant.
Darlene Calzon Barror, Tampa, for Appellee.
PER CURIAM.
The State challenges the sentence imposed on Appellee for aggravated assault with a deadly weapon while possessing a firearm. The trial court sentenced Appellee to two years of community control followed by three years of probation for the crime.
The State correctly asserts that the trial court erred by imposing this sentence contrary *800 to section 775.087, Florida Statutes (2002). See State v. Keen, 782 So.2d 528 (Fla. 1st DCA 2001); State v. Haddad, 750 So.2d 139 (Fla. 1st DCA 2000) (noting imposition of three-year minimum mandatory prison term a nondiscretionary duty of trial court where record demonstrates defendant had a firearm in his possession); State v. Calzada-Padron, 708 So.2d 287 (Fla. 2d DCA 1998) (noting section 775.087(2) contains no provision permitting trial court to exercise discretion in imposing three-year minimum mandatory prison sentence once defendant convicted of certain enumerated felonies).
The crime for which Appellee was convicted is one of the enumerated felonies for which imposition of the three-year minimum sentence is mandated. See § 775.087(2)(a), Fla. Stat. (2002). Accordingly, we reverse and remand with directions that the trial court resentence Appellee consistent with the statutory mandate of a three-year minimum mandatory prison term.
REVERSED and REMANDED with directions.
WEBSTER, PADOVANO, and HAWKES, J.J., concur.