951 So.2d 68 (2007)
David M. SALYER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-146.
District Court of Appeal of Florida, Fifth District.
March 9, 2007.
David M. Salyer, Clermont, Pro Se.
Bill McCollum, Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
David M. Salyer appeals the denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). While Mr. Salyer raises several issues, only one has merit, i.e., his assertion that in case no. 04-291, the written sentencing documents differ from the sentence orally pronounced in court. Having carefully reviewed the record, we agree. The sentence orally pronounced by the trial judge in case no. 04-291 did not include the three-year minimum mandatory term ordinarily applicable due to possession of a firearm. However, the sentencing documents, which imposed a thirty-seven month prison sentence, included the three-year minimum mandatory *69 term. Oral pronouncements of sentence control over the written sentencing document. State v. Jones, 753 So.2d 1276, 1277 n. 2 (Fla.2000). Accordingly, on remand, the three-year minimum mandatory term shall be stricken from the sentencing documents in case no. 04-291. Mr. Salyer need not be present for resentencing. In all other respects, the order denying Mr. Salyer's motion to correct sentence is affirmed.[1]
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
ORFINGER, MONACO and EVANDER, JJ., concur.
NOTES
[1] The three-year minimum mandatory imposed at the same proceeding in case no. 04-292 is unaffected by this opinion.