973 So.2d 659 (2008)
The STATE of Florida, Appellant,
v.
Terry SCANES, Appellee.
No. 3D07-1283.
District Court of Appeal of Florida, Third District.
February 6, 2008.
*660 Bill McCollum, Attorney General, and Olga L. Villa, Assistant Attorney General, for appellant.
Julie D. Leckart and Andrew F. Rier, Miami, for appellee.
Before GERSTEN, C.J., and ROTHENBERG, and SALTER, JJ.
ROTHENBERG, Judge.
The State of Florida ("the State") appeals the trial court's order which: (1) sentences Terry Scanes ("the Defendant") below the recommended guidelines; (2) imposes a three-year minimum mandatory sentence, as opposed to the statutorily required ten-year minimum mandatory sentence set forth in section 775.087, Florida Statutes (2005), as to the Defendant's kidnapping conviction; and (3) fails to impose one year of probation, as required by section 741.281, Florida Statutes (2005). As the sentences were imposed based upon a court-offered plea, over the State's objection, and the sentences fail to impose statutorily mandated penalties, we reverse.
The Defendant was charged with: (1) armed kidnapping; (2) possession of a firearm by a convicted felon; (3) aggravated assault with a firearm; and (4) battery. The charges stem from a domestic violence incident involving the Defendant's estranged wife ("Ms. Hubert").
Ms. Hubert claimed that on June 15, 2005, she stopped at the Defendant's house to bring a toy to their child, who was visiting the Defendant. When she rang the doorbell, the Defendant opened the door, pointed a firearm at her, and pulled her into the house, where he struck her about the head, face, and chest, demanding to know where she had been the previous evening. Ms. Hubert also claimed that the Defendant struck her with his fist, knocking her to the floor, and then he kicked her and stepped on her back, while threatening to kill her and himself. The Defendant then taped Ms. Hubert's hands and legs, dragged her throughout the house, and continued to strike her until she began to have difficulty breathing and became unresponsive. At that point, the Defendant summoned fire rescue. While being treated by fire rescue, Ms. Hubert told them *661 what occurred, and the Defendant was subsequently arrested and charged.
According to the sentencing scoresheet, the Defendant's recommended sentence fell within a range of 97.3 months (8.1 years) to life in prison. Pursuant to section 775.087, Florida Statutes (2005), the trial court was required to impose: (1) a three-year minimum mandatory sentence for possession or use of a firearm during the commission of or the attempt to commit an aggravated assault; (2) a three-year minimum sentence for possession of a firearm by a convicted felon; and (3) a ten-year minimum mandatory sentence for possession or use of a firearm during the commission of or the attempt to commit a kidnapping.
Section 775.087, Florida Statutes (2005), provides in part as follows:
775.087 Possession or use of weapon; aggravated battery; felony reclassification; minimum sentence.
. . .
(2)(a)1. Any person who is convicted of a felony or an attempt to commit a felony, regardless of whether the use of a weapon is an element of the felony, and the conviction was for:
. . . .
h. kidnapping;
. . . .
and during the commission of the offense, such person actually possessed a "firearm" or "destructive device" as those terms are defined in s. 790.001, shall be sentenced to a minimum term of imprisonment of 10 years, except that a person who is convicted for aggravated assault, possession of a firearm by a felon, or burglary of a conveyance shall be sentenced to a minimum term of imprisonment of 3 years if such person possessed a "firearm" or "destructive device" during the commission of the offense.
In the instant case, the trial court was required to impose a ten-year minimum mandatory sentence as to the kidnapping charge because the Defendant pled guilty to kidnapping with a firearm, defense counsel stipulated that there was a factual basis for the plea, the trial court specifically found that there was a factual basis for the plea, and the State objected to the court-offered plea. As the trial court was required to impose a ten-year minimum mandatory sentence as to that count, we reverse the illegal three-year minimum mandatory sentence, and remand for the imposition of a ten-year minimum mandatory sentence as to the kidnapping charge. See State v. Strazdins, 890 So.2d 334, 334 (Fla. 2d DCA 2004) (finding that when a trial court imposes a sentence that is shorter than the required mandatory minimum sentence, the sentence is not within the limits prescribed by law and it is properly viewed as an "illegal" sentence); Allen v. State, 853 So.2d 533, 534 (Fla. 5th DCA 2003) (affirming trial court's modification of sentence from a three-year minimum mandatory sentence to a ten-year minimum mandatory sentence where sentencing statute required the imposition of a ten-year minimum mandatory sentence, and therefore, three-year minimum mandatory sentence was illegal); State v. Moore, 854 So.2d 832, 833-34 (Fla. 5th DCA 2003) (vacating a sentence, where based upon a court-offered plea, the trial court failed to impose the statutorily mandated three-year minimum mandatory sentence).
The trial court also committed reversible error in failing to impose a minimum of one year of probation in this case. Section 741.281, Florida Statutes (2005), requires the imposition of at least one year of probation in domestic violence cases. *662 Since this was undisputably a domestic violence case, and the imposition of probation in domestic violence cases is mandatory, not discretionary, the trial court erred in failing to impose the mandated sentence.
We, therefore, reverse and remand with directions to the trial court to permit the Defendant to elect whether to withdraw his plea or to be sentenced to the statutorily mandated sentences.
Reversed and remanded.