983 So.2d 701 (2008)
Nathaniel BEATTY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-2897.
District Court of Appeal of Florida, Fifth District.
June 6, 2008.
*702 Gilbert A. Schaffnit, Law Office of Gilbert A. Schaffnit, Gainesville, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.
COHEN, J.
Nathaniel Beatty appeals his sentence as an adult for two counts of lewd and lascivious molestation upon a child in violation of section 800.04(5)(c), Florida Statutes (2005). He argues that the trial court failed to properly consider the criteria for imposing adult sanctions in section 985.565(1)(b), Florida Statutes (2006), and imposed an illegal sentence that exceeded the statutory maximum for a second-degree felony. We affirm in part and reverse in part.
The facts of this case are disturbing on many levels. Beatty pled guilty to two counts of lewd and lascivious molestation on a nine-year-old boy. His family and the victim's were neighbors and close friends. Beatty, who was fourteen and fifteen years old when he committed the offenses, often cared for the young boy. Over a sixteen-month period, Beatty repeatedly orally and anally assaulted the victim. Beatty, a high school student, was physically large for his age and much larger than the fifth-grade victim. Beatty, who studied karate, threatened the boy with harm if he disclosed the abuse to his parents. When the assaults came to light, law enforcement was notified, and an investigation followed. After being advised of his Miranda warnings, Beatty confessed to sexual relations with the boy, but claimed the encounters were consensual.
Beatty ultimately pled guilty, as charged, with no agreed disposition. The court ordered a presentence investigation and juvenile predisposition report and set a sentencing hearing. That hearing lasted over six hours. The State presented testimony from the victim's mother as well as a written statement from the victim. The defense presented testimony from family friends and acquaintances of Mr. Beatty, a teacher, licensed mental health counselors, a forensic psychologist, a juvenile probation officer with the Department of Juvenile Justice, Mr. Beatty's mother and Mr. Beatty. Beatty was seventeen years old at the time of his sentencing. The State requested Beatty be sentenced as an adult pursuant to the sentencing guidelines. See § 985.565(4)(a). The defense sought juvenile sanctions.
The sentencing of a juvenile prosecuted as an adult is governed by section 985.565, *703 which provides the analytical framework for deciding whether, notwithstanding the prosecution of a juvenile in the adult system, juvenile sanctions are appropriate. It sets forth a number of factors: the seriousness of the offense; which sanction would best protect the community; the manner in which the crime was committed; whether the crime was committed against persons or property; factors relating to the juvenile's sophistication, maturity and prior history; whether the Department of Juvenile Justice has appropriate programs and services; the protection of the community; and whether adult sanctions would provide a more appropriate punishment and deterrence.
After conducting a lengthy sentencing hearing, the court declined to impose juvenile sanctions, instead sentencing Beatty as an adult. The judge expressly considered the statutory factors and concluded that Beatty posed a high risk to the community and recognized his relative immaturity. The court was clearly influenced by the repeated nature and brutality of the offenses perpetrated by Beatty on a young victim and their relative difference in size and age. Those are factors properly considered by the court and the judgment that those considerations outweighed the mitigation presented by the defense is within the sentencing court's discretion. We do not find the trial court abused its discretion. The court did find a sufficient basis to impose a sentence that constituted a downward departure from the sentencing guidelines.
Section 985.565(4)(a)4. provides that any sentence imposing adult sanctions is presumed appropriate and the court is not required to set forth specific findings or enumerate the criteria as a basis for its decision to impose adult sanctions. In this case, the trial court's findings demonstrate that it considered the criteria specified in section 985.565(1)(b) in making its decision to impose adult sanctions. The appellant has not demonstrated any basis to reverse the trial court's decision to sentence him as an adult. Accordingly, we affirm the trial court's decision to impose adult sanctions.
Turning to the sentencing issue, we agree with the appellant that the sentence is an illegal one. Because Beatty's crimes were both second-degree felonies and his sentencing guidelines scoresheet did not authorize a greater sentence, Beatty should have received no more than a total of fifteen years in prison or probation for each offense. See Tilley v. State, 871 So.2d 294, 295 (Fla. 5th DCA 2004). It appears that the trial court intended to impose a separate seven-year prison sentence on count one and fifteen years' sex offender probation on count two; however we cannot be certain of this because there was no clarification of the oral pronouncement. Instead of imposing a sentence on each count, the court imposed one general sentence. As imposed, the written sentence is illegal. However, a court's oral pronouncement of sentence controls over the written document. Ashley v. State, 850 So.2d 1265, 1268 (Fla.2003); Salyer v. State, 951 So.2d 68, 68 (Fla. 5th DCA 2007). Accordingly, we reverse the sentence and remand for resentencing.
AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.
PALMER, C.J., and SAWAYA, J., concur.