WHATLEY, Judge.
 

 Figueroa appeals his convictions of first degree felony murder and attempted robbery with a firearm. We affirm his convictions without comment, but we reverse his sentence for attempted robbery with a firearm.
 

 At sentencing for the two offenses, the trial court adjudicated Figueroa guilty pursuant to the verdicts of guilty rendered
 
 *429
 
 by the jury, and it sentenced him to life for the felony murder and twenty years for the attempted robbery. The court advised Figueroa that he had thirty days to appeal, and the hearing concluded. The next day, the prosecutor and defense counsel appeared before the court. The prosecutor advised the court that the applicable minimum mandatory term for attempted robbery with a firearm was not twenty years, but twenty-five years.
 
 See
 
 § 775.087(2)(a)(3), Fla. Stat. (2006). Defense counsel agreed, and the trial court amended Figueroa’s sentence accordingly.
 

 The trial court’s action violated Figueroa’s double jeopardy rights, despite the fact that the twenty-year term was erroneous.
 
 See Pate v. State,
 
 908 So.2d 613 (Fla. 2d DCA 2005). Under nearly identical facts, the supreme court held:
 

 [T]he fact[s] reflect that a voluntary plea of guilty was entered and sentence imposed and the hearing concluded. The record also indicates that there was no further contemplated hearing for that day in the cause; thus the matter was concluded for all purposes.
 

 [[Image here]]
 

 Jeopardy had attached in petitioner’s case and the sentence which had been imposed could not thereafter be increased ... in violation of defendant’s constitutional guaranty not to be twice placed in jeopardy.
 

 Troupe v. Rowe,
 
 283 So.2d 857, 859-60 (Fla.1973);
 
 accord Obara v. State,
 
 958 So.2d 1019 (Fla. 5th DCA 2007);
 
 Gallinat v. State,
 
 941 So.2d 1237, 1240 (Fla. 5th DCA 2006) (“Under
 
 Troupe,
 
 when the sentencing hearing concludes, jeopardy attaches .... ”).
 

 Accordingly, we reverse Figueroa’s sentence of twenty-five years for the attempted robbery conviction and remand with directions that the trial court reimpose the original twenty-year sentence for this offense.
 

 Reversed and remanded with directions.
 

 CASANUEVA and LaROSE, JJ., Concur.