CASANUEVA, Chief Judge.
Stephen J. Gardner appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because we reverse for resentencing on his claim that his sentencing violated double jeopardy principles, Mr. Gardner’s other claims are rendered moot.
Mr. Gardner, a minor in 2003 and 2004 at the time of the crimes for which he was charged, was prosecuted as an adult pursuant to section 985.227, Florida Statutes (2003). He alleges that the sentencing court violated the principles of double jeopardy by initially sentencing him to multiple, concurrent eight-year terms of incarceration for various felonies but later — after returning from a lunch break— by resentencing him to concurrent ten-year minimum mandatory sentences on those same charges. Double jeopardy may be raised for the first time in a 3.850 motion even if not raised at trial or on direct appeal. See Plowman v. State, 586 So.2d 454, 455 (Fla. 2d DCA 1991) (“Just as a prisoner does not waive a double jeopardy violation for failing to raise the issue at trial, we hold that a prisoner does not waive a double jeopardy violation for failing to raise the issue on direct appeal from the judgment and sentence.”); see also Fla. R.Crim. P. 3.850(a)(1), (3). Because jeopardy attached at the conclusion of the hearing at which the court originally pronounced the sentences, see Ashley v. State, 850 So.2d 1265,1269 (Fla.2003) (Par-iente, J., concurring), the sentencing court had no authority to call Mr. Gardner back for resentencing. The postconviction court should have granted Mr. Gardner’s motion to vacate his sentences and reimposed the original tei*ms.
The relevant proceedings ended after the trial court sentenced Mr. Gardner to a combination of sentences for his various charges amounting to eight years’ imprisonment followed by two years’ community control and thirteen years’ drug offender probation, ordered restitution be paid, and imposed several other conditions on probation. The trial court found sufficient grounds for a downward departure from the Criminal Punishment Code Sentencing Guidelines after concluding that Mr. Gardner required specialized treatment for a mental disorder unrelated to substance abuse or addiction, that he was amenable to treatment, and that the need for payment of restitution outweighed the need for a lengthy prison sentence.[1] After clarifying the provisions of conditional release and probation, the sentencing court asked, “Is there anything else, State, other than your objection to my departure that I failed to do?” The State responded that it needed to put its objection to the departure on the record, asserting only that “there [were] insufficient grounds to establish specialized treatment and restitution.”
The court noted the objection, clarified the remaining terms of the various sentences, and concluded the proceedings:
*631 THE COURT: Any misdemeanors, time served.
MR. BODIFORD: Of course, that’s it. THE COURT: Thank you.
MR. BODIFORD: Judge, thank you for your indulgence.
THE COURT: Thank you everyone.
MR. ROSARIO: Thank you, Your Hon- or.
THE COURT: Have a good day. All right, let’s take a 10-minute lunch break.
THE COURT: One more thing, Mr. Gardner, I don’t know what excuse it is that you gave me before or someone gave me before for those [tattoo] teardrops, but my recollection of those teardrops is that they are indeed gang-related.
You’re to have no association upon your release from custody with any known gangs or anyone that is known to be affiliated with a gang; do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: Thank you.
Mr. Gardner was taken from the room, and the court then took the announced lunch break. Notably, there is no discussion in the record up to this point of the possible application of a minimum mandatory sentence.
The same attorneys were before the court again following the lunch break. Returning to Mr. Gardner’s ease, the prosecutor announced that he had forgotten to place on the record his objection to the court’s having sentenced Gardner to a term below the minimum mandatory sentence for his offenses.[2] At defense counsel’s suggestion that the State would have to appeal or file a motion, the court replied, “I won’t be doing that. You have to bring him back in ... I think we have to resentence him.” The court directed counsel to find Mr. Gardner’s family and ordered Mr. Gardner be returned to the courtroom.
The court continued the discussion with counsel and Mr. Gardner’s family before Mr. Gardner returned to the courtroom. Upon Mr. Gardner’s return, the court referred to the proceeding held before the break and the discussion with counsel after lunch, declared that a ten-year minimum mandatory sentence applied to his case, and imposed the longer sentence. At the conclusion of the second hearing, Mr. Gardner’s sentence was increased from eight years’ incarceration on the armed burglary charges to ten-year minimum mandatory sentences; the other terms remained unchanged.
Critical to the court’s belief that resen-tencing was necessary seems to be its conclusion that failure to sentence Mr. Gardner to the ten-year minimum mandatory sentence would result in an automatic reversal on appeal by the State. That conclusion is well-supported. See § 775.087(2)(b), (d), Fla. Stat. (2003) (prohibiting imposition of a lesser sentence than otherwise required by law and clarifying the legislative intent that “the minimum terms of imprisonment imposed pursuant to this subsection shall be imposed for each qualifying felony count for which the person is convicted”); State v. Calza-da-Padron, 708 So.2d 287, 287 (Fla. 2d DCA1996) (“Section 775.087(2) contains no provision permitting the trial court to exercise its discretion in imposing a ... min *632 imum mandatory prison sentence once a defendant has been convicted of certain enumerated felonies.”).
Nevertheless, the court had no authority to reopen the proceedings once the hearing had concluded and double jeopardy had attached. “Florida law generally accords a level of finality to a sentence once it has been orally pronounced and the defendant has begun to serve the sentence.” Delemos v. State, 969 So.2d 544, 548 (Fla. 2d DCA 2007). While “there appears to be no dispute that a defendant begins serving his sentence at least upon his transfer into the custody of the Department of Corrections,” id. at 548 n. 6, the length of time between the end of one proceeding and the start of another has little effect upon double jeopardy considerations. See Figueroa v. State, 3 So.3d 428, 429 (Fla. 2d DCA 2009) (reversing a minimum mandatory sentence imposed during a proceeding held one day after the initial sentencing); Brown v. State, 965 So.2d 1234, 1238 (Fla. 5th DCA 2007) (reversing a sentencing “correction” made at an undefined point after a hearing had concluded); Obara v. State, 958 So.2d 1019, 1021 (Fla. 5th DCA 2007) (reversing a sentence imposed on a defendant recalled to the courtroom following sentencing but before he was transferred from the court’s custody); Shepard v. State, 940 So.2d 545, 548 (Fla. 5th DCA 2006) (reversing a sentence imposed after the defendant was called back fifty minutes after the proceeding had ended).
Absent a proper appeal, double jeopardy considerations bar increasing even an illegal sentence:
Once a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased without running afoul of double jeopardy principles. Ashley v. State, 850 So.2d 1265, 1267 (Fla.2003). This is true even if the original sentence was illegal or othenvise erroneous and the correction conforms to applicable law or to the court’s and parties’ intentions at sentencing.
Pate v. State, 908 So.2d 613, 614 (Fla. 2d DCA 2005) (emphasis added). This court has further clarified Pate in holding:
[E]ven if the sentence ... were illegal for failing to include the minimum mandatory term, this court has previously held that double jeopardy bars an increase in a sentence once it is imposed and the defendant begins serving it, at least in the absence of a proper appeal .... Under those circumstances, the State is compelled to object and appeal the sentence or the sentence stands as originally imposed.
Delemos, 969 So.2d at 550 (emphasis added); see also Figueroa, 3 So.3d at 429 (reversing imposition of a twenty-five-year minimum mandatory sentence and directing reimposition of the original twenty-year sentence).
Although it may appear to serve the interests of judicial economy to permit a trial court to fix an apparently erroneous sentence without requiring a motion or proper appeal, there are clear procedures for correcting such errors on appeal if properly preserved. See Delemos, 969 So.2d at 549-50 (cataloging the proper procedures for increasing a sentence even after the conclusion of a sentencing hearing). In this case, however, those procedures were not followed and the constitutional prohibition against increasing Mr. Gardner’s sentence after jeopardy attached was violated.
Accordingly, we are compelled to reverse the denial of Mr. Gardner’s motion for postconviction relief on this ground and remand with directions that the trial court reimpose the original eight-year sentences *633 for those offenses. Mr. Gardner need not be present for resentencing.
Reversed and remanded.
WALLACE, J., Concurs.
ALTENBERND, J., Dissents with opinion.

. See § 921.0026(2)(d), Fla. Stat. (2003). We note that the eight-year sentence is consistent with what Mr. Gardner apparently believed to be successful, restitution-focused plea negotiations with the State and court at the change-of-plea hearing despite the ultimately open nature of his plea.

. In its answer brief, the State accepts Mr. Gardner's statement of the case and statement of facts. While the State suggests that the objection to the downward departure and sentencing below the minimum mandatory occurred only moments after the start of the morning sentencing hearing, both Mr. Gardner's statement of the case and facts and the record reflect that this discussion occurred shortly after the court returned from lunch.