PALMER, J.
 

 Andre Isaiah Dunbar (defendant) appeals his judgments and sentences which were entered by the trial court after a jury found him guilty of committing the crimes of robbery with a firearm
 
 [1]
 
 , two counts of aggravated assault with a firearm
 
 [2]
 
 , and grand theft.
 
 [3]
 
 The defendant asserts, among other things, that his 10-year mandatory minimum sentence for robbery with a firearm must be stricken because the imposition of a mandatory minimum sentence was not orally pronounced by the trial court at sentencing. We disagree and affirm.
 

 No dispute exists between the parties concerning the underlying facts in this appeal. The trial court’s oral pronouncement of the defendant’s sentence was inconsistent with the court’s written sentencing order entered later that day: the trial court did not orally pronounce the imposition of a mandatory minimum sentence, but the defendant’s written sentencing documents state that the defendant must serve a 10-year mandatory minimum on the robbery count.
 

 The imposition of a mandatory minimum sentence under section 775.087(2) of the Florida Statutes is a non-discretionary duty of a trial court when the record indicates that the defendant qualifies for mandatory minimum sentencing. A trial court must impose the mandatory
 
 *83
 
 minimum sentence once a defendant is convicted of an enumerated felony under section 775.087(2), and the failure to do so is reversible error.
 
 See Grant v. State,
 
 770 So.2d 655, 658-660 (Fla.2000);
 
 see also State v. Couch,
 
 896 So.2d 799, 800 (Fla. 1st DCA 2005);
 
 State v. Parker,
 
 812 So.2d 495, 497 (Fla. 4th DCA 2002). Courts have reversed and remanded sentencing orders with instructions requiring the imposition of the mandatory minimum sentence when the trial court departed from the mandatory minimum sentencing requirement.
 
 See State v. Scanes,
 
 973 So.2d 659 (Fla. 3d DCA 2008);
 
 State v. Couch,
 
 896 So.2d at 799;
 
 State v. Calzada-Padron,
 
 708 So.2d 287 (Fla. 2d DCA 1996);
 
 State v. Brendell,
 
 656 So.2d 594 (Fla. 5th DCA 1995);
 
 State v. Boykins,
 
 647 So.2d 891 (Fla. 2d DCA 1994);
 
 State v. Ross,
 
 447 So.2d 1380 (Fla. 4th DCA 1984).
 

 In
 
 Allen v. State,
 
 853 So.2d 533 (Fla. 5th DCA 2003), our court held that when an oral sentence does not include the applicable mandatory minimum sentence it is an illegal sentence and, accordingly, subject to correction. In that case, the defendant was sentenced to a term of twenty years’ incarceration which included a 3-year mandatory minimum sentence under section 775.087(2) of the Florida Statutes (2000). After the defendant’s conviction was affirmed on appeal, the defendant moved to modify his sentence. The trial court denied the motion but corrected the defendant’s sentence by imposing a 10-year mandatory minimum sentence after concluding that the defendant should have received a 10-year, rather than a 3-year, mandatory minimum sentence. On appeal, we affirmed the trial court’s correction, reasoning that the sentence was subject to correction because it was illegal. We further noted:
 

 It does not offend double jeopardy principles to resentence a defendant to harsher terms when the original sentence was invalid....
 

 Id.
 
 at 536.
 
 See also State v. Scanes,
 
 973 So.2d 659, 661 (Fla. 3d DCA 2008);
 
 State v. Strazdins,
 
 890 So.2d 334, 334 (Fla. 2d DCA 2004).
 
 Allen
 
 is consistent with case law interpreting mandatory minimum sentencing statutes and the legislative intent behind enacting such laws.
 
 State v. Haddad,
 
 750 So.2d 139, 140 (Fla. 1st DCA 2000).
 

 We recognize that this court has issued at least one opinion which appears to conflict with
 
 Allen;
 
 namely,
 
 Salyer v. State,
 
 951 So.2d 68 (Fla. 5th DCA 2007). In
 
 Salyer,
 
 our court reversed the defendant’s sentence with instructions to strike the 3-year mandatory minimum sentence, explaining:
 

 The sentence orally pronounced by the trial judge in case no. 04-291 did not include the three-year minimum mandatory term ordinarily applicable due to possession of a firearm. However, the sentencing documents, which imposed a thirty-seven month prison sentence, included the three-year minimum mandatory term. Oral pronouncements of sentence control over the written sentencing document.
 

 Id.
 
 at 68-69 (citations omitted). However,
 
 Salyer
 
 failed to cite or distinguish
 
 Allen.
 

 We conclude that
 
 Salyer
 
 is inconsistent with the legislative intent behind restricting the sentencing discretion of trial courts for certain enumerated crimes with mandatory minimum penalties and creates a potential loophole which could allow a trial court to avoid the imposition of a mandatory minimum sentence by simply failing to announce the mandatory minimum provision at sentencing. Accordingly, we recede from
 
 Salyer
 
 and reaffirm the law as set forth in
 
 Allen.
 

 AFFIRMED.
 

 
 *84
 
 MONACO, C.J., GRIFFIN, SAWAYA, ORFINGER, TORPY, LAWSON, EVANDER, COHEN, and JACOBUS, JJ., concur.
 

 [1]
 

 .
 
 See
 
 § 812.13(2)(a), Fla. Stat. (2007).
 

 [2]
 

 .
 
 See
 
 § 784.021(1)(A), Fla. Stat. (2007).
 

 [3]
 

 .See
 
 § 812.014(2)(C)(1), Fla. Stat. (2007).