PER CURIAM.
 

 In this rule 8.800(a) appeal, appellant challenges his ten-year mandatory minimum sentence imposed for armed robbery with a firearm. He claims that the sentencing court did not pronounce the mandatory minimum term, and that its correction of the sentence days later has resulted in him serving an illegal sentence.
 

 The state contends that the court simply corrected a clerical error in reducing the orally pronounced sentence to writing. Having reviewed the plea agreement, the plea colloquy, and the initial sentencing documents, we reject the state’s characterization of the “error” as clerical.
 

 Within days of the original sentencing, the state filed a motion to correct the sentence, noting the omission of the ten-year minimum mandatory term from the ten-year sentence. The trial court granted the motion given the parties’ agreement to correct the sentencing documents. Appellant was not present at the hearing that led to the corrected sentencing documents. Also, though this court granted appellant a belated direct appeal of his judgment and sentence, it appears that the appeal was voluntarily dismissed.
 

 Appellant now argues that the mandatory term, imposed well after the oral pronouncement and the initial written sentence, is illegal and violates double jeopardy. At the same time, appellant seems to acknowledge that he understood and intended to enter into a plea to a mandatory ten-year term.
 

 Nevertheless, we agree with appellant that the corrected sentence is illegal. In reaching this conclusion, we have considered several lines of cases.
 

 Reviewing a direct appeal, the Fifth District recently noted that “[cjourts have reversed and remanded sentencing orders with instructions requiring the imposition of the mandatory minimum sentence when the trial court departed from the mandatory minimum sentencing requirement.”
 
 Dunbar v. State,
 
 46 So.3d 81, 83 (Fla. 5th DCA 2010). There, while the judge’s oral pronouncement did not include the mandatory term, the written documents prepared later that day did so.
 

 Dunbar
 
 recognized that the imposition of a mandatory minimum sentence under section 775.087, Florida Statutes, is a non-discretionary duty of the trial court when the record indicates that the defendant qualifies for such sentencing. Thus, failure to impose that sentence is reversible error. Concluding that the absent mandatory term renders the sentence “illegal,” the Fifth District explained that the act of imposing the mandatory term after the oral pronouncement did not offend double jeopardy principles.
 
 Id.
 
 (citing
 
 Allen v. State,
 
 853 So.2d 533 (Fla. 5th DCA 2003)).
 

 The Second District considered the issue in the context of a rule 3.850 appeal.
 
 See Gardner v. State,
 
 30 So.3d 629 (Fla. 2d DCA 2010). There, a jury found Gardner guilty, and the trial court sentenced him to concurrent eight-year terms for various felonies. This was a downward departure from the Criminal Punishment Code’s guidelines. The judge made the requisite supporting findings and noted the state’s objection. The state had argued that there were insufficient grounds for the downward departure. Following the lunch break, the prosecutor announced that he had forgotten to object on the record that the sentence was below the mandatory minimum ten-year term. There was discussion about the state filing a notice of appeal to correct the sentence. With that, the trial court resentenced Gardner to con
 
 *1190
 
 current ten-year mandatory minimum terms for the armed burglary charges.
 

 Gardner filed a rule 8.850 motion, arguing that his sentences violated double jeopardy. The trial court denied the motion and the Second District reversed. The appellate court reasoned that the sentencing court had no authority to call Gardner back for resentencing because jeopardy attached at the conclusion of the hearing at which the court originally pronounced the sentence.
 
 Id.
 
 at 630 (citing
 
 Ashley v. State,
 
 850 So.2d 1265, 1269 (Fla.2008)). Gardner acknowledged that had the state sought appellate review, the downward departure sentence would have been reversed. 30 So.3d at 631-32.
 

 The problem there was that once the sentence was orally pronounced, Gardner was deemed to have begun to serve that sentence and thus the trial court lacked authority to reopen the proceedings.
 
 Id.
 
 Absent an appeal by the state, double jeopardy barred increasing “even an illegal sentence.”
 
 Id.
 
 at 632 (citing
 
 Delemos v. State,
 
 969 So.2d 544, 550 (Fla. 2d DCA 2007)). Though noting the trial court’s attempt to serve the interests of judicial economy, the Second District reversed and remanded the case and directed that Gardner be sentenced as the court had orally pronounced, without minimum mandatory terms.
 

 The sentences at issue in
 
 Gardner
 
 and
 
 Dunbar
 
 were characterized as “illegal” and “unauthorized” because the trial courts failed to impose the nondiscretionary minimum mandatory term. The trial court had no discretion in those cases because the state had not agreed to waive the mandatory term.
 
 See, e.g., State v. Weaver,
 
 3 So.3d 349 (Fla. 3d DCA 2008).
 

 The Fifth District in
 
 Dunbar
 
 views the sentence as illegal and therefore double jeopardy does not bar the subsequent correction by the trial court. The Second District agrees that the sentence without the mandatory term is illegal, but absent an appeal by the state, the illegality cannot be corrected by the trial court without violating double jeopardy principles.
 
 See Gardner,
 
 30 So.3d at 632;
 
 cf. also Gartrell v. State,
 
 626 So.2d 1364, 1365 (Fla.1993) (“Because neither an illegal sentence nor a calculation error was involved in this case, rule 3.800(a) was clearly the improper vehicle for the State to use,” and the state should have appealed the departure sentence entered without required written reasons.)
 

 In both
 
 Dunbar
 
 and
 
 Gardner,
 
 the trial court lacked discretion to omit the mandatory terms. While we do not comment on the characterization of the resulting sentence in those cases as “illegal” as currently defined by the Florida Supreme Court,
 
 see Carter v. State,
 
 786 So.2d 1173, 1181 (Fla.2001), appellant’s case is distinguishable because the trial court was not without discretion given the negotiated plea.
 

 Unlike the trial court, the prosecutor had the authority to dispense with the firearm-based mandatory term at issue.
 
 See generally State v. Vanderhoff,
 
 14 So.3d 1185, 1189 (Fla. 5th DCA 2009); § 27.366, Fla. Stat. (2001). While perhaps not intended, this was the effect of the initial plea and sentencing hearing. We have reviewed the plea agreement, the plea colloquy, and the Criminal Punishment Code scoresheet furnished, all of which are silent with respect to a mandatory sentence. As a result, the trial court’s failure to impose that mandatory term initially was not illegal or unlawful, nor was it contrary to the plea terms as stated to the court.
 
 See generally Van Buren v. State,
 
 500 So.2d 732 (Fla. 2d DCA 1987). Consequently, the subsequent addition of the mandatory minimum term impermissibly enhanced the sentence to violate double jeopardy principles.
 

 
 *1191
 
 We note that the record reflects that the addition/correction was the result of an agreed order. However, as appellant was not present at that hearing, we cannot presume a knowing waiver of the double jeopardy protection.
 
 See Novaton v. State,
 
 634 So.2d 607 (Fla.1994);
 
 Torbert v. State,
 
 832 So.2d 203 (Fla. 4th DCA 2002).
 

 Accordingly, we reverse and remand the order that denied appellant’s rule 3.800 motion. On remand, the trial court shall strike the mandatory portion of the sentence and sentence appellant as was orally pronounced.
 

 WARNER, STEVENSON and LEVINE, JJ., concur.