EVANDER, J.
Johnson appeals from his conviction for aggravated battery with a firearm. We affirm his conviction without discussion. However, we find that the trial court erred in imposing a mandatory minimum sentence of twenty-five years pursuant to section 775.087(2)(a)3., Florida Statutes (2007), where the jury failed to make a specific finding that the victim suffered “great bodily harm” as the result of Johnson’s discharge of a firearm.
At trial, the State presented eyewitness testimony that Johnson shot the victim in the leg after the two had engaged in an altercation outside a nightclub. In addition to finding Johnson guilty of aggravated battery with a firearm, the jury made special findings that: 1) Johnson possessed a firearm; 2) Johnson discharged a firearm; and 3) Johnson discharged a firearm and, as a result, caused great bodily harm and/or permanent disability and/or permanent disfigurement to the victim.
At the original sentencing hearing, the trial court pronounced a twenty-five year incarcerative sentence, stating:
Okay. Mr. Johnson, the minimum sentence that the court can impose in your case is 25 years incarceration. And I don’t wish to sentence you to anything greater than that.
[[Image here]]
Accordingly, Mr. Johnson, you’ll be adjudicated guilty, sentenced to 25 years incarceration with the Department of Corrections....
The trial court’s subsequent written order reflected the twenty-five year sentence, but further provided that Johnson would serve a twenty year mandatory minimum term and that he would not be eligible for statutory gain time.
Johnson then filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). In his motion, Johnson challenged the imposition of the mandatory minimum term. The trial court denied the motion, found that as a result of a clerical error the written judgment incorrectly referenced a twenty year mandatory minimum term, and entered an amended judgment reflecting that Johnson would be required to serve twenty-five years in prison without eligibility for statutory gain time.
On appeal, Johnson challenges the mandatory minimum part of his sentence on three different grounds. First, he contends that because the trial court failed to orally pronounce the mandatory minimum *362 term at the original sentencing hearing, it was precluded by double jeopardy principles from subsequently doing so. Second, Johnson argues that the mandatory minimum term is illegal because the state failed to allege, and the jury failed to make a finding, that Johnson actually possessed or actually discharged a firearm. Third, Johnson claims that the jury’s finding that the discharge of the firearm had “caused great bodily harm and/or permanent disability and/or permanent disfigurement” did not permit an enhancement of the mandatory minimum term from twenty years to twenty-five years because the enhancement statute makes no reference to “permanent disability” or “permanent disfigurement.” We reject Johnson’s first two arguments, but find merit to his third claim.
Pursuant to section 775.087(2)(a)l.g., Florida Statutes (2007), any person who is convicted of an aggravated battery and “during the commission of the offense, such person actually possessed a ‘firearm’ ... shall be sentenced to a minimum term of imprisonment of 10 years.... ” The minimum sentence is increased to twenty years if, during the course of the commission of the crime, the offender discharged the firearm, section 775.087(2)(a)2., and to twenty-five years if, as the result of the discharge of the firearm, “death or great bodily harm was inflicted upon any person.” § 775.087(2)(a)3.
Section 775.087(2)(b) provides that the imposition of the minimum sentence called for by the above-referenced subsections is mandatory and that a defendant sentenced thereunder is not eligible for statutory gain-time or any form of discretionary early release, other than pardon or executive clemency, or conditional medical release under section 947.149, prior to serving the minimum sentence.
Johnson first argues that double jeopardy principles precluded the trial court from imposing the mandatory minimum term after he had already begun serving his sentence when this part of his sentence had not been orally pronounced at the original sentencing hearing. We disagree. As we recently held in Dunbar v. State, 46 So.3d 81, 82 (Fla. 5th DCA 2010), the imposition of a mandatory minimum sentence under section 775.087(2) is a non-discretionary duty of a trial court where the record reflects that the defendant ’ qualifies for mandatory minimum sentencing. When an oral sentence does not include the applicable mandatory minimum sentence, it is an illegal sentence and, accordingly, subject to correction. Id. at 83. We further noted that it does not offend double jeopardy principles to resen-tence a defendant to a harsher term when the original sentence was invalid. Id.; see also State v. Scanes, 973 So.2d 659 (Fla. 3d DCA 2008); State v. Couch, 896 So.2d 799 (Fla. 1st DCA 2005); State v. Strazdins, 890 So.2d 334 (Fla. 2d DCA 2004); Allen v. State, 853 So.2d 533 (Fla. 5th DCA 2003). We also reject Johnson’s suggestion that the state waived the mandatory minimum sentence. At the original sentencing hearing, the prosecutor requested the trial court sentence Johnson in accordance with the statute. The failure to call the trial court’s attention to its omission of the mandatory minimum provision during oral pronouncement of sentence does not reflect an intentional waiver. State v. Vanderhoff, 14 So.3d 1185, 1189 (Fla. 5th DCA 2009).
Johnson next argues that the mandatory minimum portion of his sentence was illegal because the information failed to allege, and the jury failed to make a finding, that the defendant actually possessed or actually discharged a firearm. Johnson suggests that the jury could have *363 concluded that someone else shot the victim and that he was only in constructive, not actual, possession of a firearm. We reject this argument. The information alleged that Johnson, “while in possession of a firearm, did actually and intentionally touch or strike [the victim] and in doing so, discharged a handgun.... ” The jury found Johnson guilty of aggravated battery with a firearm “as charged in the information.” Johnson was the only person charged in the case and the “principal” instruction[1] was not given, nor sought. The State did not make any allegations, present any evidence, or argue that anyone other than Johnson was the shooter. The only reasonable conclusion that can be reached from the jury’s verdict and special findings is that the jury found Johnson was in actual possession of the firearm and he actually discharged same. See Allen v. State, 799 So.2d 284, 285 (Fla. 5th DCA 2001) (“Appellant also contends that since there was no specific jury finding that appellant actually possessed a firearm during the carjacking, the mandatory minimum sentence cannot stand. We disagree. Here, there was only one perpetrator involved in the carjacking. Use of the firearm was made an element of the offense. By finding appellant guilty as charged, the jury necessarily found that a firearm was used and that appellant used it.”)
Johnson’s final argument is that the trial court erred in enhancing his mandatory minimum sentence from twenty years to twenty-five years because the special interrogatory submitted to the jury referenced the terms “permanent disability” and “permanent disfigurement” which are not set forth in section 775.087(2)(a)3. The State argues that any error in including these extra terms was harmless, contending that all permanent disabilities and permanent disfigurements constitute “great bodily harm.” We reject the State’s argument. An examination of section 784.045(l)(a) leads to the conclusion that the Legislature has determined that not all permanent disabilities and permanent disfigurements constitute great bodily harm. That statute provides:
A person commits aggravated battery who, in committing battery:
1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement....
(Emphasis added). The use of the conjunction “or” strongly suggests that the Legislature did not find “great bodily harm” to necessarily include all permanent disabilities or disfigurements. Additionally, if all permanent disabilities and permanent disfigurements fell within the definition of “great bodily harm,” it would have been unnecessary for the Legislature to have included these terms in section 784.045(l)(a). Statutes should be construed so as to give effect to all words in the statute, rather than to render them meaningless surplusage. Weeks v. Fla. Birth-Related Neurological, 977 So.2d 616, 619 (Fla. 5th DCA 2008). Because not all permanent disabilities and permanent disfigurements fall within the definition of “great bodily harm,” we cannot conclude that the jury found that Johnson’s discharge of a firearm caused great bodily harm.[2] Tucker v. State, 726 So.2d 768 *364 (Fla.1999) (enhancement of sentence under section 775.087(1) must be supported by jury finding).
AFFIRMED, in part; REVERSED, in part; REMANDED for Resentencing.
LAWSON and JACOBUS, JJ., concur.

. Fla. Std. Jury Instr. (Crim.) 3.5(a) Principals.

. A example of an injury that a jury could reasonably find constituted permanent disfigurement, but not great bodily harm, would be a small scar. See, e.g., Gillman v. Gillman, 319 So.2d 165 (Fla. 1st DCA 1975) (holding that 4.5 centimeter permanent scar on plaintiff’s forehead could be "permanent disfigurement” within meaning of Florida Automobile Reparations Reform Act); see also Cohen v. Pollack, 674 So.2d 805 (Fla. 3d DCA 1996) *364 (whether facial scar is disfigurement is jury question).