HAZOURI, J.
Robert Boltuch appeals the denial of his “All Writs Petition” and his Fourth Motion to Correct Illegal Sentence. We affirm.
In August 2000, a jury convicted Boltuch of first-degree murder and attempted sec *339 ond-degree murder with a firearm. The court imposed the mandatory life sentence without possibility of parole for the murder and a consecutive term of thirty years in prison with a three-year mandatory minimum for possession of the firearm on the attempted murder count. See § 775.087, Fla. Stat. (1997).
Appellant contends that his consecutive sentences on these counts are illegal and result in a manifest injustice because he fired a single burst of seven shots at the two victims, and the offenses occurred in a single criminal episode. The consecutive sentences are legal. § 775.021(4)(a), Fla. Stat. (1997). (“Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively.”).
Appellant also contends that his sentence on the second count is illegal because the court never orally pronounced the three-year mandatory minimum that was included as part of the written sentence. Although the mandatory minimum was discussed at the sentencing hearing, and found to apply, the court did not formally announce that it was imposing the mandatory minimum.
In Dunbar v. State, 89 So.3d 901 (Fla.2012), the Florida Supreme Court held that the trial court’s failure to orally pronounce the mandatory minimum at sentencing, and its addition of the mandatory minimum to the written sentence later that day, did not violate double jeopardy. This court’s decision in Losh v. State, 51 So.3d 1188 (Fla. 4th DCA 2011), which held that the correction of a sentence in similar circumstances violated double jeopardy and resulted in an illegal sentence, is overruled.

Affirmed.

WARNER and STEVENSON, JJ., concur.