PER CURIAM.
The State challenges the sentence imposed in this felony drug case in which the *357 trial court withheld adjudication of guilt without placing Appellee on probation in violation of Florida Rule of Criminal Procedure B.670. Although Appellee properly concedes error on this point, he nevertheless argues that the judgment must be affirmed because the alteration of the sentence would violate constitutional double jeopardy principles. We reject Appellee’s double jeopardy argument. Because Appel-lee had no legitimate expectation of finality in the sentence, the double jeopardy clause does not bar the correction of the illegal sentence. Dunbar v. State, 89 So.3d 901, 905 (Fla. 2012).
On remand, the trial judge shah either adjudicate Appellee guilty or impose probation.
REVERSED AND REMANDED.
ORFINGER, TORPY and BERGER, JJ., concur.