833 So.2d 283 (2002)
Edgardo LOPEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-2483.
District Court of Appeal of Florida, Fifth District.
December 27, 2002.
Edgardo Lopez, Bowling Green, pro se.
*284 Richard E. Doran, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Edgardo Lopez ["Lopez"], appeals the summary denial of his Rule 3.800(a) motion. He alleges that he was charged with carjacking with a firearm and robbery with a firearm, but the jury only found him guilty of carjacking and robbery and specifically found that he did not carry, display or use a firearm.[1] He contends that he should not have been sentenced for committing the substantive offenses "with a firearm." He also complains that twenty-five points were erroneously added for possession of a semi-automatic weapon.
The trial court denied Lopez's motion without a hearing. The verdict reflects that the jury actually found Lopez guilty of carjacking with a firearm and robbery with a firearm, while also entering a special finding that he did not carry, display, use or possess a firearm. The court pointed out that the record indicates that a second, unknown suspect, participated in the offenses with Lopez and concluded the jury could have found that the unknown perpetrator used a gun, which was apparently a semi-automatic weapon. The trial court ruled that the special finding did not preclude sentencing as a principal for carjacking with a firearm and robbery with a firearm, but did preclude imposition of a minimum mandatory term pursuant to section 775.087(3), Florida Statutes, because that statute required Lopez to personally possess a firearm.[2] The court also ruled that twenty-five points for possession of a semi-automatic weapon were properly scored.
We affirm Lopez's convictions for carjacking with a firearm and robbery with a firearm, despite the special finding made by the jury. The State is correct that it is immaterial whether Lopez was expressly charged as a principal, so long as there was proof he was guilty of one of the acts denounced in the statute. See State v. Roby, 246 So.2d 566, 571 (Fla.1971). The law of principals allows Lopez to be convicted of the main offenses regardless of whether he personally possessed a firearm, even if he could not be given a minimum mandatory sentence.
The State concedes that it was unable to find any authority on the issue of whether personal possession of a firearm is required to assess twenty-five points under Florida Rule of Criminal Procedure 3.703(d)(19). The rule states that:
Possession of a firearm, semiautomatic firearm or machine gun during the commission or attempt to commit a crime will result in additional sentence points ... Twenty-five sentence points are assessed if the offender is convicted of committing or attempting to commit any felony other than those enumerated in subsection 775.087(3) while having in his or her possession a semiautomatic firearm ...
Id. (Emphasis added). The State acknowledges that the rule appears to be offender specific because it refers to a weapon in "his or her possession." In addition, the State agrees that normally no extra points would be assessed for possession of a firearm *285 because carjacking and robbery are two of the enumerated felonies in section 775.087(3), to which a mandatory minimum sentence is applied. Application of both a minimum mandatory penalty and the assessment of extra points for use of the same firearm is not permitted. White v. State, 714 So.2d 440 (Fla.1998). This is why the rule precludes the assessment of points in those cases in which a minimum mandatory sentence has been imposed. See also § 921.0014(1)(a), Fla. Stat. (1997) (providing for assessment of extra points for use of a firearm if minimum mandatory not imposed due to use of firearm). Because no minimum mandatory sentence was imposed in this case, nor were Lopez's crimes enhanced pursuant to section 775.087(1), the State argues the imposition of additional points for the firearm would not constitute a double enhancement or violate double jeopardy. Therefore, the State argues that the trial court's order should be affirmed.
We conclude that the assessment of points for possession of a semi-automatic should not have been applied, as carjacking and robbery are enumerated offenses in section 775.087(3) and therefore are excluded from application of the points. In addition, by specifying the firearm must be "in his or her possession," the rule requires personal possession, and the jury in this case expressly found that Lopez did not personally possess the firearm.
"One of the most fundamental principles of Florida law is that penal statutes must be strictly construed according to their letter." State v. Byars, 823 So.2d 740, 742 (Fla.2002), quoting Perkins v. State, 576 So.2d 1310, 1312 (Fla.1991). See also State v. Rife, 789 So.2d 288 (Fla.2001) (rule of lenity, which also applies to guidelines, requires that when language is susceptible to differing constructions, it shall be construed most favorably to the accused).
By subtracting the twenty-five points for possession of a semi-automatic weapon from Lopez's score, his maximum sentence is reduced to 137.5 months. As Lopez was sentenced to 144 months, this error was not harmless. Accordingly, we vacate the sentence and remand for resentencing.
SENTENCE VACATED and REMANDED.
PLEUS and ORFINGER, JJ., concur.
NOTES
[1] Defendant's conviction and sentence of twelve years in prison, followed by ten years probation, concurrent on both counts, was affirmed without opinion in Lopez v. State, 743 So.2d 1102 (Fla. 5th DCA 1999).
[2] It applies where, "during the commission of the offense, such person possessed a `firearm' or `destructive device' as those terms are defined in s. 790.001...." § 775.087(3), Fla. Stat. (1997).