843 So.2d 972 (2003)
William F. GILBERT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-3610.
District Court of Appeal of Florida, Second District.
April 30, 2003.
FULMER, Judge.
William F. Gilbert challenges the order of the trial court denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse the trial court's order and remand for further proceedings.
In his motion, Gilbert alleged that he was convicted of trafficking in cocaine and trafficking in methylenedioxymethamphetamine. He further alleged that the three-year mandatory minimum terms of imprisonment imposed by the trial court pursuant to sections *973 893.135(1)(b)(1)(a) and 893.135(1)(j)(2)(a), Florida Statutes (2000), are illegal based on our opinion in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002). A claim that a mandatory minimum sentence was illegally imposed is cognizable in a rule 3.800(a) motion where the error is apparent on the face of the record. See Sims v. State, 838 So.2d 658 (Fla. 2d DCA 2003); Leath v. State, 805 So.2d 956 (Fla. 2d DCA 2001).
Taylor held that chapter 99-188, Laws of Florida, which provided for the imposition of mandatory minimum prison sentences for certain drug offenses, is unconstitutional because it violates the single subject rule of the Florida Constitution. In denying the motion, the trial court found: "As of April 29, 2002, the Florida Legislature cured the single subject rule violation by reenacting the provisions originally contained in Chapter 99-188. See Chapters XXXX-XXX-XXXX-XXX, Laws of Florida. In so doing, the Florida Legislature provided for the retroactive application of each reenactment to July 1, 1999." However, in Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003), this court has since held that the reenactment of the sentencing provisions of chapter 99-188 cannot be applied retroactively because this would violate the Ex Post Facto Clauses of the United States and Florida Constitutions.
Gilbert alleged that he committed the offenses of trafficking in cocaine and trafficking in methylenedioxymethampthetamine in November 2000, which is within the Taylor window. See Green, 839 So.2d at 750 n. 1. Therefore, Gilbert has presented a facially sufficient claim. See Sims, 838 So.2d 658.
We reverse the trial court's order and remand for further consideration of Gilbert's claim. If Gilbert is correct that the trial court imposed the mandatory minimum terms pursuant to sections 893.135(1)(b)(1)(a) and 893.135(1)(j)(2)(a) where the offenses were committed within the Taylor window, the trial court shall resentence him under the 1997 version of those statutes. See Green, 839 So.2d 748. We certify conflict with the Fourth and Fifth District cases with which we disagreed in Green.
Reversed and remanded with instructions.
WHATLEY and SALCINES, JJ., Concur.