PLEUS, J.
Torres appeals an order resentencing him for attempted second degree murder with a firearm, robbery with a firearm and shooting into an occupied motor vehicle. He argues that the lower court erred in assessing 18 points for possession of a firearm on the shooting into an occupied motor vehicle count because the firearm he possessed was not used in the commission of that crime. We affirm.
Torres was convicted and sentenced for the above mentioned crimes in 1996. He sought a Heggs[1] resentencing, which this court ordered in Torres v. State, 798 So.2d 777 (Fla. 5th DCA 2001). At his resen-tencing hearing, the state requested imposition of 18 points for possession of a firearm during the commission of the shooting into an occupied vehicle count. The state conceded that Torres was tried as a principal to that crime, not as the shooter, but he was present during the shooting and possessed a firearm. The lower court imposed the 18 points over Torres’ objections and he appeals.
Torres argues that the lower court erred in assessing 18 points on his score-sheet because the gun he possessed did not work and was not used to commit the offense. He cites Lopez v. State, 833 So.2d 283 (Fla. 5th DCA 2002) for the proposition that firearm points can be assessed only against the person who actually commits the shooting into an occupied vehicle, not his principal.
Torres misreads Lopez. In that case, the jury found the defendant guilty of carjacking with a firearm and robbery with a firearm, but entered a special finding that he did not possess a firearm. We concluded the defendant was properly convicted as a principal to those crimes but that firearm points were not proper in pertinent part because the jury specifically found that the defendant did not possess a firearm. Id. at 285.
The instant case is distinguishable because Torres possessed a firearm during the commission of the offense, even though he was not the person who shot into the occupied vehicle. The state relies on section 921.0014(1), Florida Statutes (1995), and Florida Rule of Criminal Procedure 3.702 (1996). Section 921.0014(1) states in pertinent part:
If the offender is convicted of committing or attempting to commit any felony other than those enumerated in s. 775.087(2) while having in his or her possession: a firearm as defined in s. 790.001(6), an additional 18 sentence points are assessed;
Rule 3.702(12) states in pertinent part:
Eighteen sentence points shall be assessed where the defendant is convicted of committing or attempting to commit any felony other than those enumerated in subsection 775.087(2) while having in his or her possession a firearm as defined in subsection 790.001(6) or a destructive device as defined in subsection 790.001(4).
The state argues that the plain meaning of these passages is clear. The law is intended to punish people in possession of a firearm, not just those who use a firearm, during the commission of particular offenses.
Torres suggests numerous hypothetical scenarios in which points assessed against a principal could lead to absurd results. It is unnecessary to address these scenarios *616 since the statute and rule clearly contemplate assessing points under the facts of the instant case where Torres was at the scene of the crime and possessed a firearm while participating in the commission of the offense. Imposition of firearm points under these facts is consistent with the purpose of the statute: to punish offenders who possess firearms while committing offenses.
Finally, Torres’ argument that he cannot be assessed points because his gun was not functioning lacks merit. He cites no authority to support this argument. Section 790.001(6), Florida Statutes (1995), defines a firearm as “any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive.” This definition does not require that the firearm be operable. See Clayton v. State, 842 So.2d 971 (Fla. 5th DCA 2003).
Accordingly, we affirm Torres’ sentence.
AFFIRMED.
SHARP, W. and PALMER, JJ., concur.

. Heggs v. State, 759 So.2d 620 (Fla.2000).