860 So.2d 981 (2003)
Lawrence STALEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5099.
District Court of Appeal of Florida, Second District.
July 30, 2003.
James Marion Moorman, Public Defender, and Timothy J. Ferreri, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Deena DeGenova, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
Following his no contest plea, Lawrence Staley was adjudicated guilty and sentenced for several offenses including trafficking in hydrocodone and trafficking in phenethylamines. Staley reserved his right to appeal the imposition of the three-year minimum mandatory sentences on each trafficking count, arguing that because his offenses occurred in July 2001, such mandatory terms of imprisonment are illegal based on this court's opinion in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002). We agree.
Taylor held that chapter 99-188, Laws of Florida, which provided for the imposition of mandatory minimum prison sentences for certain drug offenses, is unconstitutional because it violates the single subject rule of the Florida Constitution. In 2002, the legislature reenacted the provisions originally contained in chapter 99-188. See Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003). However, in Green, this court held that the reenactment of the sentencing provisions of chapter 99-188 cannot be applied retroactively because this would violate the Ex Post Facto Clauses of the United States and Florida Constitutions.
The window period for asserting challenges based on the unconstitutionality of chapter 99-188 opened on July 1, 1999, and closed on April 29, 2002, the effective date of chapters 02-208 through 02-212, Laws of Florida. See Green, 839 So.2d at 750 n. 1. Because Staley committed his offenses in July 2001, within the Taylor window, we reverse his sentences and remand for resentencing under the valid law in effect at the time of Staley's offenses. We certify that this decision conflicts with the Fifth and Fourth Districts' decisions in Hersey v. State, 831 So.2d 679 (Fla. 5th DCA 2002); Carlson v. State, 27 Fla. L. Weekly *982 D2162, ___ So.2d___, 2002 WL 31202145 (Fla. 5th DCA Oct.4, 2002); and Nieves v. State, 833 So.2d 190 (Fla. 4th DCA 2002).
Reversed and remanded.
SALCINES and WALLACE, JJ., Concur.