854 So.2d 832 (2003)
STATE of Florida, Appellant/Cross-Appellee,
v.
Fabian Altamonte MOORE, Appellee/Cross-Appellant.
No. 5D02-3727.
District Court of Appeal of Florida, Fifth District.
September 19, 2003.
*833 Charles J. Crist, Jr., Attorney General, Tallahassee and Lori N. Hagan, Assistant Attorney General, Daytona Beach, for Appellant/Cross-Appellee.
James B. Gibson, Public Defender and Scott Ragan, Assistant Public Defender, Daytona Beach, for Appellee/Cross-Appellant.
PALMER, J.
The State files this appeal, arguing that the trial court erred in refusing to impose a three-year minimum mandatory sentence on defendant Fabian Moore conviction for possession of a firearm by a convicted felon.[1] Because Moore entered a plea of nolo contendere to the charge and the information specifically alleged that he had actual possession of a firearm, imposition of a three-year minimum sentence was mandatory. Accordingly, we vacate the sentence entered by the trial court on the defendant's plea. However, finding that the face of the record shows that the plea was entered by the defendant with the express understanding that the three-year minimum mandatory sentence would not be imposed, we remand this matter to the trial court so that the defendant can have an opportunity to move to withdraw his plea.
The defendant was charged with, and convicted of, violating section 775.087(2)(a)1 of the Florida Statutes (2001). The amended information, to which the defendant pled, specifically charged the defendant with "actually possess[ing] a firearm, to-wit: a handgun." (Emphasis added). In accepting the defendant's plea, the trial court stated that the factual basis for the plea was set forth by the evidence presented by the State at a previously conducted suppression hearing. Our review of the transcript of that suppression hearing reveals that, in denying the defendant's suppression motion, the trial court noted that the evidence indicated that the defendant was in constructive, not actual, possession of the firearm, but the court did not issue a formal ruling in that regard. At the subsequent plea hearing, defense counsel specifically noted that the defendant was agreeing to enter a plea with the understanding that the court had already indicated that the minimum mandatory sentence was not applicable. The State meanwhile argued that imposition of the statutory three-year minimum mandatory sentence was required because the defendant had admitted to being in actual possession of the firearm. The court accepted the defendant's plea and subsequently sentenced the defendant without imposing the three-year minimum mandatory sentence.
We agree with the State that the trial court committed reversible error by refusing to impose a minimum mandatory three-year term of imprisonment on the defendant's firearm conviction since section 775.087 of the Florida Statutes provides that any person who is convicted of possession of a firearm by a convicted felon and actually possesses the firearm is subject to such mandatory sentencing. Our courts have construed section 775.087 as meaning that, in order to obtain the *834 sentencing enhancement provided for in the statute, the State must prove that the defendant was in actual possession of the firearm. See Lopez v. State, 833 So.2d 283 (Fla. 5th DCA 2002). Here, imposition of the minimum mandatory three-year sentence was required because the defendant pled nolo contendere to the charges as filed and the amended information specifically charged the defendant with "actually" possessing a firearm. By entering his plea, the defendant admitted that he was in actual possession of the firearm at the time of his arrest. See Vernold v. State, 376 So.2d 1166 (Fla.1979)(holding that plea of nolo contendere admits the facts alleged in the information).
In closing, we note that since the record on its face shows that the defendant entered his plea based upon the express understanding that a minimum mandatory sentence would not be imposed, upon remand, the defendant must be given the opportunity to withdraw his plea, if he so chooses.
Sentence VACATED and cause REMANDED.
SHARP, W. and PLEUS, JJ., concur.
NOTES
[1] See §§ 790.23, 775.087(2)(a)1. Fla. Stat. (2001).