869 So.2d 24 (2004)
Anthony Troy WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1954.
District Court of Appeal of Florida, Second District.
February 27, 2004.
Mark A. Fromang of Fromang & Fromang, P.A., Orlando, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Chandra Waite Dasrat, Assistant Attorney General, Tampa, for Appellee.

EN BANC
THREADGILL, EDWARD F., Senior Judge.
Anthony Troy Wright appeals from his sentence for trafficking in 3,4-methylene-dioxymethamphetamine *25 (MDMA). He argues that the three-year mandatory minimum sentence imposed by the trial court pursuant to section 893.135(1)(j)(2)(a), Florida Statutes (2000), is illegal under Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002). We affirm because Wright's sentence is not affected by Taylor.
Chapter 99-188, Laws of Florida, provided for the imposition of mandatory minimum prison sentences for certain drug offenses. Taylor held that chapter 99-188 was unconstitutional because it violated the single subject rule of the Florida Constitution. The window period for raising a Taylor challenge opened July 1, 1999, and closed April 29, 2002. See Green v. State, 839 So.2d 748, 750 n. 1 (Fla. 2d DCA), review granted, Franklin v. State, 854 So.2d 659 (Fla.2003). In this appeal, Wright argues that because his offense occurred in February 2002, within the window period, his mandatory minimum sentence is illegal under Taylor. However, this argument is incorrect because trafficking in MDMA was not among the drug offenses listed in chapter 99-188. Trafficking in MDMA and other phenethylamines did not become a statutory offense until chapter 2000-320, Laws of Florida, took effect on October 1, 2000. Ch. 2000-320, § 4, at 3497, § 29, at 3544, Laws of Fla. Chapter 2000-320 also imposed mandatory minimum sentences for the new drug offenses created by that amendment. Id. § 4, at 3497. As the Third District has recently noted, the addition of new drug offenses and the imposition of mandatory minimum sentences for these offenses by chapter 2000-320 was not part of chapter 99-188 "and thus was not affected by any infirmity in chapter 99-188," by Taylor, "or by enactment of chapter 2002-212, Laws of Florida." Urruchurtu v. State, 858 So.2d 387, 388 (Fla. 3d DCA 2003). Therefore, Wright is not entitled to relief.
Wright cites Gilbert v. State, 843 So.2d 972 (Fla. 2d DCA 2003), in support of his argument. In Gilbert, the defendant filed a postconviction motion under Florida Rule of Criminal Procedure 3.800(a), challenging, under Taylor, the imposition of three-year mandatory minimum sentences for trafficking in cocaine and trafficking in MDMA. This court stated that Gilbert's offenses occurred within the Taylor window period and that he had presented a facially sufficient claim which may entitle him to relief. This court remanded for the trial court to consider whether Gilbert was entitled to resentencing under the 1997 statute for both offenses.
We were confronted with the same issue in Staley v. State, 860 So.2d 981 (Fla. 2d DCA 2003). In that case, the defendant challenged by direct appeal the three-year mandatory minimum sentences imposed on him for trafficking in hydrocodone and trafficking in phenethylamines. He argued that the mandatory minimum sentences were illegal under Taylor. Because Staley's offenses occurred in July 2001, within the Taylor window period, this court reversed the mandatory minimum sentences and remanded for resentencing "under the valid law in effect at the time of Staley's offenses."
We recede from Gilbert and Staley to the extent that they hold that a defendant convicted of trafficking in phenethylamines and sentenced to a mandatory minimum sentence under section 893.135(1)(j) is entitled to relief under Taylor.
Accordingly, we affirm Wright's judgment and sentence.
ALTENBERND, C.J., FULMER, WHATLEY, NORTHCUTT, CASANUEVA, SALCINES, STRINGER, *26 DAVIS, SILBERMAN, COVINGTON, KELLY, CANADY, VILLANTI, and WALLACE, JJ., concur.