872 So.2d 285 (2004)
Jacek Robert ZATYKA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-3265.
District Court of Appeal of Florida, Second District.
April 7, 2004.
*286 NORTHCUTT, Judge.
Jacek Robert Zatyka appeals the denial of his petition for a writ of habeas corpus challenging as an illegal sentence a mandatory minimum of three years in prison provided for by section 893.135(1)(k), Florida Statutes (2001), and imposed as part of a sentence for his conviction of trafficking in phenethylamines. Because the mandatory minimum sentence is legal, we affirm.
It is well settled that a petition for a writ of habeas corpus may not be used as a substitute for an appropriate postconviction motion. See Harris v. State, 789 So.2d 1114 (Fla. 1st DCA 2001). Since Zatyka claims that the imposed mandatory minimum is an illegal sentence pursuant to this court's opinion in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA 2002), review dismissed, 821 So.2d 302 (Fla.2002), his petition will be treated as a motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a).
Even though Zatyka committed his offense in January 2002 (within the Taylor window period of July 1, 1999, to April 29, 2002), the Taylor case is inapplicable to Zatyka's claim for relief. In Taylor, this court held that the statutory changes contained in chapter 99-188, Laws of Florida, were unconstitutional because the enactment of chapter 99-188 violated the single subject rule contained in Florida's constitution. However, the offense of trafficking in phenethylamines and its mandatory minimum sentences were initially enacted into law by chapter 2000-320, Laws of Florida, which became effective October 1, 2000. Therefore, the holding of Taylor does not apply.
Zatyka cites Staley v. State, 860 So.2d 981 (Fla. 2d DCA 2003), as supporting his position. This court in Wright v. State, 869 So.2d 24 (Fla. 2d DCA 2004) (en banc), has receded from Staley to the extent that Staley holds that a defendant convicted of trafficking in phenethylamines and sentenced to a mandatory minimum sentence is entitled to relief under Taylor.
Because the mandatory minimum sentence imposed on Zatyka is a legal sentence, we affirm the order of the circuit court denying Zatyka's petition for a writ of habeas corpus.
Affirmed.
CASANUEVA and SALCINES, JJ., Concur.