ORFINGER, J.
Christopher Lewis appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of *661 Criminal Procedure 3.800(a). Lewis alleges that the three-year minimum mandatory sentence imposed following his conviction for trafficking in cocaine in an amount greater than 28 grams, is illegal based on Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002), which declared Chapter 99-188, Laws of Florida, unconstitutional. Although in Hersey v. State, 831 So.2d 679 (Fla. 5th DCA 2002), this Court previously held that the constitutional defect in Chapter 99-188 was retroactively cured based on the Legislature’s enactment of Chapters 02-208 through 02-212, Laws of Florida, we recently receded from that position in Jones v. State, 872 So.2d 938 (Fla. 5th DCA 2004).
Nonetheless, as the trial court correctly observed, Lewis committed the charged offense on May 9, 2003. In Taylor, the court held that Chapters 02-208 through 02-212, Laws of Florida, which reenacted the provisions of Chapter 99-188, cured the single subject rule as of April 12, 2002. See also Wright v. State, 869 So.2d 24 (Fla. 2d DCA 2004); Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003). No court has held that Chapters 02-208 through 02-212 violated the single subject rule. To the contrary, the courts have only held that the corrected laws cannot be applied retroactively. As Lewis committed his offense more than a year after the effective date of the corrective legislation, there is no issue of retroactive application. Accordingly, the trial court’s order denying Lewis’s motion to correct an illegal sentence is affirmed.
AFFIRMED.
SHARP, W., and PETERSON, JJ., concur.