PER CURIAM.
Defendant, Luc Termitas [“Termitas”], appeals the trial court’s denial of his motion to correct an illegal sentence pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure. Termitas argues that the life sentences he received for attempted armed robbery with a firearm on Counts II and III are illegal, mainly because they exceed the statutory maximum. We agree that the sentences are illegal, though only partly for the precise reason asserted by Ter-mitas.
After a jury trial, Termitas was convicted of one count of first-degree murder, two counts of attempted robbery with a firearm,[1] aggravated flight from officers, and third-degree grand theft. These charges arose from events that occurred on the morning of September 7, 2004, when Termitas attempted to rob the Fair-winds Credit Union in Orlando, Florida. In the course of the attempted robbery, Termitas shot and killed a teller, Sue Ellen Gelsinger. The jury made special findings on Count II and III: on Count II, the jury determined that Termitas actually possessed and discharged a firearm; on Count III, the jury determined that Ter-mitas actually possessed and discharged a firearm resulting in the death of Sue Ellen Gelsinger. In reviewing the scoresheet, the judge asked if there was agreement that the offenses in Counts II and III were first-degree felonies, punishable by life, and defense counsel concurred. In fact, as the State now acknowledges, these offenses were second-degree felonies. Based on this misunderstanding, the trial court orally sentenced Termitas on Counts II and III to life in prison. No minimum mandatory sentence was announced, although the written sentences reflected a minimum mandatory of three years on both counts.
*1181 As second-degree felonies, these convictions were subject to a fifteen-year statutory maximum. See § 775.082(3)(c), Fla. Stat. (2004).[2] However, section 775.087(2), Florida Statutes, commonly referred to as the 10-20-Life statute, requires enhancement of a sentence if the perpetrator has carried or used a weapon or firearm in the commission of a felony. Clowers v. State, 31 So.3d 962 (Fla. 1st DCA 2010). Before a trial court may enhance a defendant’s sentence or apply the mandatory minimum sentence for use of a firearm, the jury must make the appropriate statutorily required finding that the defendant committed the crime while using a firearm either by finding him guilty of a crime that involves a firearm or by answering a specific question concerning the firearm’s use on a special verdict form. State v. Overfelt, 457 So.2d 1385, 1387 (Fla.1984) (quoting Overfelt v. State, 434 So.2d 945, 948 (Fla. 4th DCA 1983)); see also State v. Hargrove, 694 So.2d 729, 730 (Fla.1997).
Here, in rendering its verdict on Count II, the jury made a special finding that Termitus possessed and discharged a firearm while attempting to rob Stacy Ross-man. Therefore, the trial court had a nondiscretionary duty to impose the statutorily-required twenty years for the discharge of the firearm. See Dunbar v. State, 46 So.3d 81, 83 (Fla. 5th DCA 2010); see also Allen v. State, 853 So.2d 533 (Fla. 5th DCA 2003); State v. Strazdins, 890 So.2d 334, 334 (Fla. 2d DCA 2004) (When a trial court imposes a sentence that is shorter than the required mandatory minimum sentence, “the sentence is not within the limits prescribed by law and is properly viewed as an ‘illegal’ sentence.”). In sum, the sentence on Count II is illegal in two respects: the trial court erred in sentencing Termitus to life in prison for a first-degree felony, but the trial court also erred in failing to impose the required mandatory minimum sentence. We vacate the sentence on Count II and remand for resentencing.
Termitus’ sentence on Count III is also illegal. Although the trial court and counsel similarly misperceived the degree of this offense to be a first-degree felony, punishable by life, and also sentenced Ter-mitus to an illegal three-year firearm minimum mandatory, the life sentence imposed on Count III was less “illegal” because, as to Count III, the jury had specifically determined that Termitus discharged a firearm resulting in the death of the victim. Under Section 775.087(2)(a)3., a defendant who discharges a firearm during the commission of certain enumerated crimes, including robbery and attempted robbery, and inflicts death or great bodily harm as the result of the discharge shall be sentenced to a “minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison.” Thus, on resentencing, the trial court must impose a minimum mandatory sentence within that range. See Mendenhall v. State, 48 So.3d 740 (Fla.2010).[3]
*1182 SENTENCES VACATED and REMANDED.
GRIFFIN, MONACO and TORPY, JJ., concur.

. In Count II, Defendant was charged with attempted robbery with a firearm for his actions with regard to victim Stacy Rossman. In Count III, Defendant was charged with attempted robbery with a firearm for his actions which resulted in the death of victim Sue Ellen Gelsinger.

. Defendant’s convictions on Count II and Count III cannot be reclassified to first-degree felonies pursuant to Section 775.087(1) — the firearm reclassification statute — because the use of a firearm is an essential element of the offense of attempted robbery with a firearm. See Denizard v. State, 79 So.3d 159 (Fla. 2d DCA 2012); Williams v. State, 850 So.2d 656, 658 (Fla. 1st DCA 2003).

. The trial judge who presided on Termitus’ rule 3.800 motion correctly determined that the sentence on Count III did not exceed the statutory maximum, but was mistaken in applying that same reasoning to Count II because the jury did not find for Count II that Termitus possessed and used a firearm resulting in the death of the victim.