PALMER, J.
The State appeals the downward departure sentence imposed on Ryan Kremer (defendant), following his guilty plea to a charge of driving under the influence of alcohol (DUI) manslaughter[1]. Determining that the defendant’s sentence is illegal because it does not include the mandatory minimum term required by statute, we reverse.
Following the defendant’s entry of an open plea of guilty to the charge of DUI manslaughter, the trial court sentenced the defendant to a downward departure sentence consisting of two years’ imprisonment followed by two years’ community control followed by eleven years’ probation. The State contends that the trial court reversibly erred in failing to impose the mandatory minimum four-year sentence required by statute for the defendant’s conviction for DUI manslaughter. We agree.
In State v. Schumacher, 99 So.3d 632 (Fla. 1st DCA 2012), the State appealed a sentence imposed on the defendant after his conviction for DUI manslaughter, arguing that the sentence was illegal because it did not include a four-year mandatory minimum prison sentence. The First District agreed:
Section 316.193(3), Florida Statutes (2009), states, “A person who is convicted of DUI manslaughter shall be sentenced to a mandatory minimum term of imprisonment for 4 years.”
The legislative language is unambiguous. The sentence imposed is, therefore, illegal. See State v. Strazdins, 890 So.2d 334, 335 (Fla. 2d DCA 2004) (“When a trial court imposes a sentence that is shorter than the required mandatory minimum sentence, ‘the sentence is not within the limits prescribed by law and is properly viewed as an ‘illegal’ sentence.’” (quoting State v. R.F., 648 So.2d 293, 294 n. 1 (Fla. 3d DCA 1995))).
The First District thereafter affirmed its ruling in State v. Schroff, 103 So.3d 225 (Fla. 1st DCA 2012).
Our court has similarly held that mandatory minimum sentencing enhancements are nondiscretionary and, therefore, trial courts lack the authority to refuse to apply them. State v. Moore, 854 So.2d 832, 833-34 (Fla. 5th DCA 2003). See also Termitus v. State, 86 So.3d 1179 (Fla. 5th DCA 2012); Dunbar v. State, 46 So.3d 81, 82 (Fla. 5th DCA 2010), rev’d on other grounds, 89 So.3d 901 (Fla.2012). Furthermore, when a sentence is illegal, the error is fundamental. State v. Valera, 75 So.3d 330, 332 (Fla. 4th DCA 2011), and a sentence is illegal when it is shorter than the required mandatory minimum sentence. State v. Strazdins, 890 So.2d 334, 335 (Fla. 2d DCA 2004).
Accordingly, the defendant’s sentence is reversed, and this matter is remanded for re-sentencing to include the statutory four-year mandatory minimum term of imprisonment.
REVERSED and REMANDED.
ORFINGER, C.J. and BERGER, J„ concur.

. §§ 316.193(1); 316.13(3)(c)3.a„ Fla. Stat. (2009).