IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

      Appellant,

 v.                                                                                   Case No.  5D16-429

ROBERT FRED WOODALL, III,

      Appellee.

_____/

Opinion filed March 3, 2017

Appeal from the Circuit Court
for Orange County,
Alan S. Apte, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Robin A. Compton,
Assistant Attorney General, Daytona
Beach, for Appellant.

William R. Ponall, of Ponall Law,
Maitland, and Thomas Sommerville, of
Law Offices of Thomas Sommerville,
Orlando, for Appellee.

PER CURIAM.

      The State of Florida timely appeals Robert Woodall's resentencing for aggravated

battery with a firearm pursuant to Florida Rule of Criminal Procedure 3.800(a), arguing

that the lower court failed to reimpose Woodall's twenty-year mandatory minimum

sentence after it erroneously concluded that the jury did not make a clear finding that Woodall discharged a firearm during the offense. We agree.[1]

Section 775.087(2)(a)2., Florida Statutes (2004), requires a twenty-year mandatory minimum sentence to be imposed if a person is convicted of a listed offense, including aggravated battery, and discharging a firearm during the commission of that offense. "[M]andatory minimum sentencing enhancements are nondiscretionary and, therefore, trial courts lack the authority to refuse to apply them." *State v. Kremer*, 114 So. 3d 420, 421 (Fla. 5th DCA 2013) (citing *State v. Moore*, 854 So. 2d 832, 833-34 (Fla. 5th DCA 2003)). The mandatory minimum sentence must be supported by a "clear jury finding" that Woodall discharged a firearm during the offense, which "can be demonstrated either by (1) a specific question or special verdict form (which is the better practice), or (2) the inclusion of a reference to a firearm in identifying the specific crime for which the defendant is found guilty." *State v. Iseley*, 944 So. 2d 227, 230 (Fla. 2006) (citing *Tucker v. State*, 726 So. 2d 768, 771-72 (Fla. 1999); *State v. Overfelt*, 457 So. 2d 1385, 1387 (Fla. 1984)).

The General Verdict and the Special Verdict, independently and together, constituted clear jury findings that Woodall discharged a firearm. In the General Verdict, the jury found Woodall "guilty of Aggravated Battery with a Firearm, as charged in the Information." The information specifically alleged that Woodall committed aggravated battery with a firearm, discharged the firearm during the offense, and was subject to the

---

[1] The State candidly acknowledges its mistaken concession of error below, which resulted in the trial court granting Woodall's Rule 3.800(a) motion. While we are inclined to agree that the State should not have conceded the illegality of Woodall's sentence, we recognize having done so, the State is now precluded from complaining about it on appeal.

twenty-year mandatory minimum sentence. In the Special Verdict, the jury found that Woodall "did during the course of the crime, discharge a firearm and as a result of the discharge, death or great bodily harm was inflicted upon the victim[.]"

## The General Verdict

Despite the General Verdict's clear reference to the information, including the specific allegation of discharging a firearm, Woodall convinced the lower court that the General Verdict did not constitute a clear jury finding because the jury was erroneously instructed on alternative theories of aggravated battery, creating the possibility that it found him guilty without discharging a firearm. Despite being instructed on alternative theories, however, the jury found Woodall guilty of aggravated battery "with a firearm as charged in the Information," which alleged aggravated battery by one theory—use and discharge of a firearm. Moreover, the alternative theories were causally linked in this case because Woodall shot the victim in the ankle, making impossible his contention that the jury could have found aggravated battery by causing great bodily harm without discharging a firearm.

## The Special Verdict

Consistent with the evidence, the jury found in the Special Verdict that Woodall discharged a firearm causing the victim great bodily harm. Thus, the Special Verdict not only contains a clear jury finding of discharge, it further refutes Woodall's claim that the jury could have found him guilty of aggravated battery without discharging a firearm. Notwithstanding this clear finding, Woodall argues that it is insufficient because there is no indication that it was made "beyond a reasonable doubt," as required by *Alleyne v. United States*, 133 S. Ct. 2151 (2013). *Alleyne* held that facts used to increase the

3

mandatory minimum sentence are elements of the crime that must be submitted to the jury and found beyond a reasonable doubt. *Id.* at 2158. Woodall argues that the trial court failed to instruct the jury that its findings in the Special Verdict must be beyond a reasonable doubt as reflected in Florida Standard Jury Instruction (Criminal) 3.3(d).[2] Without this instruction or an express indication that the special finding was made beyond a reasonable doubt, Woodall claims that there is no way to determine if the jury found that he discharged a firearm beyond a reasonable doubt.

Woodall's reliance on the standard instruction is misplaced because that instruction did not exist at his 2006 trial. *Cf. Johnson v. State*, 903 So. 2d 888, 899 (Fla. 2005) (rejecting claim that trial counsel was ineffective in failing to challenge standard instruction as unconstitutional before being declared so by supreme court). Despite the nonexistence of this instruction, we conclude that the instructions given at trial adequately required the jury to make its findings, including the discharge finding, beyond a reasonable doubt. Specifically, the jury was instructed that the presumption of innocence "stays with the defendant as to each material allegation in the Information through each stage of the trial unless it has been overcome by the evidence to the exclusion of and

---

[2] In 2008, the Florida Supreme Court added the following instruction to Florida Standard Jury Instruction (Criminal) 3.3(d):

> If you find that (defendant) committed (felony identified in § 775.087(2)(a) 2, Fla. Stat.) **and you also find beyond a reasonable doubt** that during the commission of the crime, [he] [she] discharged a [firearm] [destructive device], you should find the defendant guilty of (felony) with discharge of a [firearm] [destructive device].

*In re Standard Jury Instructions in Criminal Cases--Report No. 2007-08*, 995 So. 2d 489, 491 (Fla. 2008) (emphasis added).

4

beyond a reasonable doubt." Woodall's discharge of a firearm was a material allegation in the information to which the jury was instructed that the beyond a reasonable doubt standard applied.

In addition, Florida law does not require an express indication that special findings are made beyond a reasonable doubt when such indication may be inferred from the record. In *Amos v. State*, 833 So. 2d 841, 842 (Fla. 4th DCA 2002), the Fourth District held that the standard in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that facts used to increase the statutory maximum sentence be "submitted to a jury, and *proved* beyond a reasonable doubt," was satisfied without an express indication that the jury made its finding beyond a reasonable doubt. The court reasoned as follows:

> As to the fact of discharging a firearm, the record in this case indicates that this fact was submitted to the jury, and the jury found beyond a reasonable doubt that Amos discharged a firearm. The jury convicted Amos of "[a]ggravated Battery with a Firearm, a lesser included offense, as contained in the Information." Because the information accused Amos of *"*shooting [the victim] with a firearm" and the verdict specifically refers to the information, and because Amos was convicted of aggravated battery with a firearm, the finding that Amos discharged a weapon is inherent in the jury's verdict. *Cameron v. State*, 804 So. 2d 338, 344 n.11 (Fla. 4th DCA 2001) (rejecting *Apprendi* challenge for lack of a specific finding of death or injury when such finding was inherent in the conviction for manslaughter) (citing *Tucker v. State*, 726 So. 2d 768 (Fla. 1999) (holding that jury verdict of 'guilty of attempted first-degree murder with a firearm' supported enhanced sentence for use of a firearm)).

*Amos*, 833 So. 2d at 842-43. The same logic applies in this case. Because the information specifically alleged that Woodall discharged a firearm and the jury found Woodall guilty "as charged in the information," the jury's finding of discharge, beyond a reasonable doubt, was inherent in the verdict. *Alleyne* extended the *Apprendi* standard

5

to mandatory minimum sentences. It follows that if cases after *Apprendi* do not require an express indication that the clear jury finding is "beyond a reasonable doubt," cases after *Alleyne* do not either. *See Lee v. State*, 130 So. 3d 707, 710-11 (Fla. 2d DCA 2013) (applying "clear jury finding" standard post-*Alleyne* and concluding that *Alleyne* error is subject to harmless error analysis like *Apprendi*)*, rev. granted*, No. SC14-416 (Fla. Nov. 17, 2016).

Woodall also claims the Special Verdict was "incorrect" because it allowed the jury to find facts necessary to impose the twenty-five-year mandatory minimum—discharge causing great bodily harm—rather than a simple finding of discharge required for the twenty-year mandatory minimum. Under such circumstances, Woodall would have been subject to a twenty-five-year mandatory minimum sentence under section 775.087(2)(a)3., Florida Statutes (2004), except that he was not charged with aggravated battery by causing great bodily harm. When the greater mandatory minimum is imposed without a proper allegation in the information, the remedy is to impose the twenty-year mandatory minimum because there is still a clear finding of discharge. *See McKenzie v. State*, 31 So. 3d 275, 277 (Fla. 2d DCA 2010) (remanding for imposition of twenty-year mandatory minimum sentence where information did not support twenty-five year mandatory minimum sentence). The twenty-year mandatory minimum sentence is appropriate because the charging document alleged that Woodall discharged a firearm and the Special Verdict found that Woodall discharged a firearm. The surplus finding of great bodily harm did not negate the discharge finding, especially in this case where the great bodily harm resulted solely from the discharge.

Finally, Woodall argues that the Special Verdict was "incomplete" because it did not give the jury the choice of finding that Woodall did not discharge a firearm. The choice urged by Woodall was not only unnecessary, it was inappropriate because it would have resulted in an inconsistent verdict if the jury had found Woodall guilty "as charged in the Information," but then found that he did not discharge a firearm. *See, e.g.*, *Starling v. State*, 152 So. 3d 868, 868 (Fla. 1st DCA 2014) (reversing conviction for robbery with a weapon based on truly inconsistent verdict finding that appellant did not possess firearm during commission of robbery); *Gerald v. State*, 132 So. 3d 891, 895 (Fla. 1st DCA 2014) (reversing conviction for aggravated assault with firearm based on inconsistent finding that appellant did not possess firearm). Below, Woodall used this supposed defect in the Special Verdict to convince the trial court that he was deprived of the opportunity for a jury pardon, but there was no defect.

In summary, we agree with the State's contention that the General Verdict and Special Verdict were "clear jury findings" beyond a reasonable doubt, that Woodall discharged a firearm during the aggravated battery, and that Woodall's arguments do not render such findings unclear.[3] Accordingly, we vacate Woodall's sentence and remand for imposition of the mandatory minimum sentence, with credit for the time Woodall has already served.

VACATED AND REMANDED WITH DIRECTIONS.

SAWAYA and EDWARDS, JJ., and JACOBUS, B.W., Senior Judge, concur.

---

[3] We reject, without discussion, the State's alternative argument that Woodall's admission to discharging the firearm, after the lower court had already determined that the mandatory minimum sentence did not apply, can be used as a basis to reimpose it.

7