[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13846
Non-Argument Calendar

_____

D.C. Docket No. 2:16-cv-14098-RLR

ANTRAEVIS SMITH,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 28, 2020)

Before WILLIAM PRYOR, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Antraevis Smith, a Florida prisoner, appeals the district court's denial of his counseled 28 U.S.C. § 2254 habeas petition.  We granted a certificate of appealability as to whether the state court unreasonably applied *Apprendi v. New Jersey*, 530 U.S. 466 (2000), or relied on an unreasonable determination of the facts, in concluding that the jury's verdict legally supported his convictions and life sentences for robbery with a firearm and carjacking with a firearm.  After careful review, we affirm the denial of habeas relief.

**I.**

In 2009, the State of Florida charged Smith and two codefendants, Jamelle Davis and Derreck Littles, with carjacking with a deadly weapon, Fla. Stat. §§ 812.133(2)(a) and 777.011, and Smith and Littles with robbery with a deadly weapon while wearing a mask, Fla. Stat. § 812.13(2)(a), 777.011, and 775.0845. Davis pled guilty to carjacking with a deadly weapon and testified against Smith at his jury trial.  The state declined to prosecute the charges against Littles.

At trial, the victim, Duane Ambrister, testified about the robbery and carjacking.  Late one night, he was sitting in his parked, running vehicle when two masked men with guns approached, knocked on the windows with the guns, and demanded that Ambrister open the doors.  Ambrister unlocked the doors and got out of the vehicle.  Upon seeing Ambrister, one of the masked men ran off.  The other man went through Ambrister's pockets, taking $1,200 in cash, and then jumped in

the driver's seat of the vehicle, which was still running, and drove off.  Ambrister

testified that he knew Smith, but he did not believe that Smith was either of the two

robbers.

Smith's codefendant Davis testified that he was involved in the carjacking and

robbery with Smith and Littles.  According to Davis, Smith and Littles executed the

robbery while he waited in a nearby vehicle.  Later that night, police pulled over

Davis's car and found the masks, gloves, and guns that were used in the robbery.

In discussing the jury instructions, the parties and the court agreed not to

include any lesser offenses.  In other words, they agreed to require the jury to find

that the offenses were committed *with* a firearm in order to return a guilty verdict.

Separately, the parties and the court agreed to ask the jury to find whether Smith

personally possessed a firearm as to each offense, which they viewed as a factual

finding essential to the application of a mandatory minimum penalty, *see* Fla. Stat.

§ 775.087(2)(a).

After closing arguments, the district court instructed the jury as to carjacking,

robbery, and aiding-and-abetting liability.  With regard to carjacking, the court

stated,

> [T]o prove the crime of carjacking, the State must prove the following
> three elements beyond a reasonable doubt:  First, that Mr. Smith took
> the motor vehicle from the person or custody of Duane Ambrister.
> Second, force, violence, assault or putting in fear was used in the course
> of the taking.  And third, the taking was with the intent to temporarily

3

or permanently deprive Duane Ambrister of his right to the motor vehicle or any benefit from it.

The court continued,

> If you find the Defendant guilty of the crime of carjacking, then you must further determine beyond a reasonable doubt if in the course of committing the carjacking the Defendant carried some kind of weapon.
>
> An act is in the course of committing the carjacking if it occurs in the attempt to commit carjacking or in flight after the attempt or commission.
>
> If you find the Defendant carried a firearm or other deadly weapon in the course of the carjacking, you should find him guilty of carjacking with a firearm or deadly weapon.

The trial court's instructions for robbery followed the same pattern. The court first gave the elements for simple robbery and then stated,

> If you find the Defendant guilty of the crime of robbery, you must further determine beyond a reasonable doubt if in the course of committing the robbery, the Defendant carried some kind of weapon.
>
> An act is in the course of committing the robbery if it occurs in an attempt to commit robbery or in flight after the attempt or commission.
>
> If you find the Defendant carried a firearm in the course of committing the robbery, you should find him guilty of robbery with a firearm.

Finally, the trial court instructed the jury on aiding-and-abetting liability as follows:

> If the Defendant helped another person or persons commit or attempt to commit a crime, the Defendant is a principal and must be treated as if he had done all the things the other person or persons did if the Defendant had a conscious intent that the criminal act be done and the Defendant did some act or said some word which was intended to and

4

which did incite, cause, encourage, assist or advise the other person or persons to actually commit or attempt to commit the time.  To be a principal, the Defendant does not have to be present when the crime is committed or attempted.

The verdict form asked the jury to find, as to Count I, whether Smith was "Guilty, of Carjacking with a Firearm," or not guilty, and, as to Count II, whether Smith was "Guilty, of Robbery with a Firearm," or not guilty.  Under both counts, the verdict form stated, "If you find the defendant guilty you must now make a further finding.  Do you find beyond a reasonable doubt that the defendant actually possessed a firearm during the commission of the offense?"  The trial court went over the verdict form but did not clarify how "actual[] possess[ion]" differed from the standard applicable to the charged offenses.

While deliberating, the jury sent a question asking whether it could check "guilty" to the charges but "no" as to whether it found beyond a reasonable doubt that Smith "actually possessed a firearm during the offense[s]."  The prosecutor and defense counsel agreed that the jury could do so, if its decision was unanimous.  The court responded to the question: "Members of the jury, yes, if the finding is unanimous."  The jury then returned a verdict, finding Smith guilty of both counts but checking "no" as to whether Smith actually possessed a firearm during the commission of the offenses.  The court adjudicated Smith guilty and sentenced him to concurrent life sentences.

Subsequently, Smith filed a motion to correct an illegal sentence, pursuant to Fla. R. Crim. P. 3.800(a), raising the subject of his instant § 2254 petition. The trial court denied the motion, finding that Smith's sentences were not illegal. The court concluded that the jury was able to find Smith guilty as charged, despite finding that he did not personally possess a firearm during the commission of the offenses, because the jury was instructed on aiding-and-abetting liability under Fla. Stat. § 777.011. Smith appealed, and the state appellate court summarily affirmed.

Smith then filed a 28 U.S.C. § 2254 habeas corpus petition. The district court, adopting a magistrate judge's report and recommendation, denied the petition. Smith now appeals, and we granted a COA on the following issue: "[w]hether the state court unreasonably applied *Apprendi* [], or relied on an unreasonable determination of the facts, in concluding that Mr. Smith's convictions and concurrent life sentences for robbery with a firearm and carjacking with a firearm were legally supported by the jury's verdict."

## II.

We review *de novo* a district court's denial of a 28 U.S.C. § 2254 petition, "but we owe deference to the final state habeas judgment." *Reed v. Sec'y, Fla. Dep't of Corr.*, 593 F.3d 1217, 1239 (11th Cir. 2010) (quotation marks omitted). Specifically, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), where a state court has adjudicated a claim on the merits, a federal

6

court may grant habeas relief only if the state-court decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

"The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). A state court unreasonably applies clearly established federal law if it correctly identifies the governing legal principle but unreasonably applies that principle to the facts. *Borden v. Allen*, 646 F.3d 785, 817 (11th Cir. 2011). To be "objectively unreasonable," the state court's ruling must be more than incorrect—it must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Similarly, the "unreasonable determination of the facts" prong does not permit habeas relief "merely because we would have reached a different conclusion in the first instance" or if "reasonable minds reviewing the record might disagree about the finding in question." *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015) (cleaned up).

Smith's claim is based on *Apprendi*.  In *Apprendi*, the Supreme Court held that the "notice and jury trial guarantees of the Sixth Amendment" require that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 476, 490.  The "statutory maximum," for purposes of *Apprendi*, "is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*."  *Blakely v. Washington*, 542 U.S. 296, 303 (2004) (emphasis in original).  Therefore, a judge may not lawfully "inflict[] punishment that the jury's verdict alone does not allow" because "the jury has not found all the facts which the law makes essential to the punishment."  *Id.* (quotation marks omitted).

Under Florida law, the basic versions of carjacking and robbery are punishable by maximum terms of imprisonment of thirty and fifteen years, respectively.  *See* Fla. Stat. §§ 812.133(2)(b), 775.082(3)(b)(1); Fla. Stat. §§ 812.13(2)(c), 775.082(3)(d).  If the defendant carried a firearm or other deadly weapon in the course of committing the offenses, however, the statutory maximum increases to life imprisonment.  Fla. Stat. §§ 812.133(2)(a), 812.13(2)(a).  Additionally, Florida "punishes aiders and abettors the same the same as principal offenders."  *Boston v. United States*, 939 F.3d 1266, 1271 (11th Cir. 2019); *see* Fla. Stat. § 777.011 ("Whoever commits any criminal offense . . . , or aids, abets,

8

counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such.").

Smith argues that his life sentences clearly violate *Apprendi* because the trial court did not instruct the jury as to the essential firearm or deadly weapon element of the offenses and the jury found he did not actually possess a firearm. As a result, in Smith's view, the jury failed to find beyond a reasonable doubt that either he or a codefendant carried a firearm during the offenses. Based on the jury's verdict alone, according to Smith, he "can only be sentenced for simple carjacking (thirty-year maximum sentence) and simple robbery (fifteen-year maximum sentence)."

Here, Smith has not shown that the state court unreasonably applied *Apprendi* or relied on an unreasonable determination of facts. While the jury instructions and verdict form are not models of clarity, the record contradicts Smith's claim that the trial court failed to instruct the jury as to the firearm or deadly weapon element of the offenses. The verdict form specifically asked the jury to find whether Smith was "Guilty, of Robbery with a Firearm," and "Guilty, of Carjacking with a Firearm." And the essential elements of those offenses were included in the jury instructions. After instructing the jury on the elements of simple carjacking and robbery, the trial court stated that, if the jury found Smith guilty of those elements, it "must further determine beyond a reasonable doubt if in the course of committing [the offenses]

9

the Defendant carried some kind of weapon." And if the jury found that Smith "carried a firearm," the court instructed, it "should find him guilty of [carjacking or robbery] with a firearm." Thus, the jury was properly instructed that, to find Smith guilty of the charged offenses, it *must* find that he carried a firearm. *See* Fla. Stat. §§ 812.133(2)(a), 812.13(2)(a).

Smith faults the trial court for failing to specifically instruct the jury that Smith could be found guilty of the charged offenses "if *any of the defendants* carried a firearm or other deadly weapon." Appellant's Br. at 12 n.3. Instead, according to Smith, the instructions asked the jury to find only whether "the Defendant" carried a firearm, but in response to the interrogatory on the verdict form, the jury specifically found that he did not "actually possess[] a firearm during the offense[s]."

While we agree that the trial court could have done more to clarify how "actual[] possess[ion]" as used in the interrogatory differed from the standard applicable to the charged offenses, we cannot say that the denial of habeas relief was unreasonable. Although the jury ultimately found that Smith did not actually possess a firearm, the state post-conviction court[1] reasonably concluded that the jury's finding on that matter did not undermine Smith's convictions or sentences because the jury was instructed on aiding-and-abetting liability.

---

[1] Because the Florida appellate court affirmed the post-conviction court without issuing an opinion, we "look through" to the lower court's reasoning and presume that it reflects the higher court's reasons for affirming. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

Under § 777.011, Fla. Stat., which was alleged in the charging document, Smith could still be convicted of and punished for committing the charged offenses *with a firearm* even if he did not personally possess a firearm.  *See Lopez v. State*, 833 So. 2d 283, 284 (Fla. Dist. Ct. App. 2002) ("The law of principals allows Lopez to be convicted of [carjacking with a firearm and robbery with a firearm] regardless of whether he personally possessed a firearm, even if he could not be given a minimum mandatory sentence.").  Under that liability doctrine, as the trial court instructed the jury, Smith "must be treated as if he had done all the things the other person or persons did" if he aided or abetted that other person.  For that reason, the trial court did not need to specify that the jury could find Smith guilty if someone other than Smith carried a firearm.  And there was evidence that Smith aided or abetted a carjacking and robbery during which a firearm was carried and brandished.

Thus, the jury's verdict, viewed in light of the jury instructions, reasonably reflects a finding that Smith aided or abetted a codefendant who carried a firearm during the offenses, and therefore is treated as if he carried a firearm, but that he did not in fact personally carry a firearm.  *See Blakely*, 542 U.S. at 303.  That is a legally valid and consistent verdict under Florida law.  *See Lopez*, 833 So. 2d at 284 (affirming convictions in similar circumstances).  Because no additional factual findings were necessary to sentence Smith to concurrent life sentences based on that

11

verdict, *see* Fla. Stat. §§ 812.13(2)(a), 812.133(2)(a), his sentences do not violate *Apprendi*.

In sum, the record reasonably supports the state court's decision that Smith was properly convicted of and sentenced for armed carjacking and armed robbery. Despite the less-than-clear jury instructions, reasonable minds might disagree as to whether the jury "found all the facts which the law makes essential to the punishment." *Blakely*, 542 U.S. at 303. Even if we might have decided the matter differently had it been our call in the first instance, Smith has not established "an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. Giving due deference to the state court's decision, we must affirm the denial of Smith's § 2254 petition.

**AFFIRMED.**

12